The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | NO. 2:26-cv-02409-KKE<br><br>PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE |

On July 30, 2026, the Court instructed that "to the extent Plaintiff States believe that expedited discovery is warranted, Plaintiff States should file a motion as soon as practicable." Dkt. # 53 at p. 1. Accordingly, and pursuant to the Court's July 27, 2026, Temporary Restraining Order (Dkt. # 50), the Court's July 30, 2026, Order Setting Briefing Schedule (Dkt. # 53), Local Civil Rule 37(a), and the Order Regarding Chambers Procedures in Civil Cases (Dkt. # 20), Plaintiffs' counsel attests that they attempted to confer with Defendants as to Plaintiffs' need for discovery to support Plaintiffs' motion for preliminary injunction, sending a draft of Plaintiffs' Statement and proposed discovery requests to Defendants on Friday, July 31, 2026, at 1:08 p.m. Plaintiffs' counsel requested to meet with counsel Brian Kipnis and Sarah Bishop by 1:00 p.m. on Monday, August 3, 2026. After Defendants' counsel failed to respond, Plaintiffs sent another e-mail to Mr. Kipnis requesting that Defendants provide a statement by 3:00 p.m. on August 3, 2026. Mr. Kipnis emailed at 2:52 p.m. to inform Plaintiffs that "the Department declines to participate in [the Rule 37(a)] process." *See* attached Exhibit A.

Due to the motion for preliminary injunction hearing on August 24, 2026, and Plaintiffs' need for discovery to support its motion on an expedited basis, Plaintiffs provide a statement in accordance with the Court's procedure for Discovery Disputes (Dkt. # 20 at p. 2). However, if the Court believes the parties should use a different procedure to resolve this dispute, Plaintiffs defer to the Court's guidance.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

*Plaintiffs' Statement of the Issues.* In support of Plaintiff States' Motion for Preliminary Injunction, which is set for hearing on August 24, 2026, *see* Dkt. # 53, Plaintiffs respectfully request the Court order (1) expedited discovery and (2) production of the Administrative Record (AR) as to Defendants' plan to terminate "some or all" grants protected by the Court's permanent injunction. *See Washington v. Dep't of Educ.*, No. 2:25-cv-01228-KKE (W.D. Wash.) (*Washington I*), Dkt. # 269. Defendants' representations suggest that critical documents are in Defendants' possession regarding the timing, scope, criteria, reasoning, and instructions of the enjoined termination plan. Because these documents have not been disclosed, because some portion will be encompassed by a traditional administrative record while others will not, and because the harms will continue past the 28-day TRO without further preliminary relief, expedited discovery is required. Plaintiffs have minimized the burden by tailoring the information requested to that most immediately needed for the pending PI motion.

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff States ask this Court to deem as served their (1) Requests for Production and Interrogatories and (2) Requests for Admission, attached as Exhibits B and C. Plaintiff States respectfully request that the Court set the deadline for Defendants' responses to these discovery requests and production of the AR by August 14, 2026. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Because good cause supports the requested relief, Plaintiffs request this court grant expedited discovery.

*Background*. Defendants moved for clarification, seeking permission to terminate grants protected by a permanent injunction beginning on July 31, 2026. In their papers, Defendants described a termination plan that this Court then enjoined due to the plan's apparent non-compliance with procedural protections under GEPA and federal civil rights laws, and the plan's apparent use of new priorities to make termination decisions. *See* Dkt. # 50. Despite Defendants' statements and the evidence provided by Plaintiffs, Defendants maintain that no such plan exists and Defendants' counsel was unable to identify the policy or criteria that Defendants planned to use when deciding which grants to terminate. *See, e.g.*, Mot. TRO Hr'g Tr. 36:10–37:3.

*Argument*. Rule 26(d)(1) permits early discovery when authorized by court order. In determining whether to permit expedited discovery, this Court requires that the moving party demonstrate "good cause." *See Amazon.com v. Pondit*, No. 2:24-cv-01756-KKE, 2024 WL 5318718, at *1 (W.D. Wash. Dec. 26, 2024); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. Diligence and the intent of the moving party are the focus of the inquiry, and district courts have broad discretion in discovery matters. *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Plaintiff States have been diligent, responding quickly to the Court's instruction that Plaintiffs should seek discovery "as soon as practicable." Dkt. # 53.

As this Court recognized, assessment of further preliminary relief would benefit from a more developed factual record. Dkt. # 50. Those facts, however, remain solely in the custody of Defendants, and Defendants have made clear that Plaintiff States cannot obtain them on the expedited basis, absent this Court's intervention. *See, e.g.*, Mot. TRO Hr'g Tr. 38:5–17. Further, Defendants' "record on candor," *id.* at 26:8, "justif[ies] extra-record discovery." *Dep't of Com. v. New York*, 588 U.S. 752, 781 (2019).



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

Here, Defendants have made clear that they have a plan to terminate grants protected by this Court's permanent injunction, but they have refused to specify the nature of that plan beyond its existence. *See, e.g.*, Mot. TRO Hr'g Tr. 36:10–37:3; Dkt. # 50 at p. 11 n.8. Regardless of what that exact plan is, the evidence available to Plaintiffs shows it is likely unlawful due to its noncompliance with statutory procedural protections and its use of new priorities to decide which grants to terminate; and, if implemented, Defendants' termination plan would cause Plaintiff States irreparable injury. Dkt. # 50 at pp. 5, 12–15. Expedited discovery is therefore warranted to give the Court clarity on precisely the nature of the issues involved. *See* 1993 amendment to Rule 26(d), advisory committee note (expedited discovery "appropriate" for "requests for a preliminary injunction").

And the requested discovery is narrow. Plaintiff States request only a limited set of document requests, interrogatories, and requests for admission designed to fill in the gaps Defendants left at the TRO hearing. *See, e.g.*, Mot. TRO Hr'g Tr. 3:19–4:1, 36:4–37:3. These requests seek only documents related to Defendants' termination plan—the subject of the PI motion. *See Assured Partners of Cal. Insurance Servs. LLC v. Pahl*, No. 4:25-cv-00693-RM, 2026 WL 194219, at *4 (D. Ariz. 2026) (pending PI weighs heavily in favor of granting Plaintiff's request); *Warner Bros. Recs. Inc. v. Does 1–6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007).

Given the Parties' dispute over the existence of the plan and final agency action, this Court should also have a robust factual record to determine jurisdiction. *See, e.g. Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F. 2d 535, 540 (9th Cir.1986) (citation omitted). Any burden to Defendants is "outweigh[ed]" by "the benefit, including expeditious resolution of this case." *New Mexico v. Musk*, 770 F. Supp. 3d 192, 202 (D.D.C. 2025).



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

DATED this 3rd day of August 2026.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Jennifer K. Chung*
JENNIFER K. CHUNG, WSBA #51583
ELLEN RANGE, WSBA #51334
Assistant Attorneys General
Complex Litigation Division
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Jennifer.Chung@atg.wa.gov
Ellen.Range@atg.wa.gov
William McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Sarah H. Weiss*
SARAH H. WEISS*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Sarah.Weiss@coag.gov

*Attorney for State of Colorado*

WILLIAM TONG
Attorney General of Connecticut

*/s/ Andrew Ammirati*
ANDREW AMMIRATI**
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov

*Attorney for State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Ian R. Liston*
IAN R. LISTON*
Director of Impact Litigation
VANESSA L. KASSAB*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Ian.Liston@delaware.gov
Vanessa.Kassab@delaware.gov

*Attorneys for the State of Delaware*

KWAME RAOUL
Attorney General of Illinois

*/s/ Emily Hirsch*
EMILY HIRSCH*
Assistant Attorney General
ALEEZA STRUBEL*
Complex Litigation Counsel
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0148
Aleeza.Strubel@ilag.gov
Emily.Hirsch@ilag.gov

*Attorneys for State of Illinois*

AARON M. FREY
Attorney General of Maine

*/s/ Sarah A. Forster*
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

*Attorney for the State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Michael Drezner*
MICHAEL DREZNER**
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6959
Mdrezner@oag.state.md.us

*Attorney for State of Maryland*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Adelaide Pagano*
ADELAIDE PAGANO*
Assistant Attorney General
Office of the Massachusetts Attorney General
100 Cambridge Street
Boston, MA 02108
617-963-2122
Adelaide.Pagano@mass.gov

*Counsel for the Commonwealth of Massachusetts*

DANA NESSEL
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

*Attorney for the State of Michigan*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ Aletheia V.P. Allen*
ALETHEIA V.P. ALLEN*
Solicitor General
LAWRENCE MARCUS*
Assistant Solicitor General
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
AAllen@nmdoj.gov
LMarcus@nmdoj.gov

*Attorneys for State of New Mexico*

LETITIA JAMES
Attorney General of New York

*/s/ Rabia Muqaddam*
RABIA MUQADDAM *
Chief Counsel for Federal Initiatives
MARK LADOV*
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-8240
Rabia.Muqaddam@ag.ny.gov
Mark.Ladov@ag.ny.gov

*Attorneys for the State of New York*

DAN RAYFIELD
Attorney General of Oregon

*/s/ Leanne Hartmann*
LEANNE HARTMANN*
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Leanne.Hartmann@doj.oregon.gov

*Attorney for State of Oregon*

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Kyla Duffy*
KYLA DUFFY*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
Kduffy@riag.ri.gov

*Attorney for State of Rhode Island*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Frances Reynolds Colbert*
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

*Attorney for State of Wisconsin*

**Admitted pro hac vice*
***Pro hac vice application forthcoming*