# Exhibit A

**From:** Kipnis, Brian (USAWAW)
**To:** Chung, Jennifer (ATG); Bishop, Sarah (USAWAW)
**Cc:** Range, Ellen (ATG); McGinty, William (ATG); Alexander, Cynthia (ATG); Locke, Tally (ATG); Hoosier, Diane L. (ATG)
**Subject:** RE: Washington v. Dep"t of Education: expedited discovery
**Date:** Monday, August 3, 2026 2:52:02 PM

[EXTERNAL]

Hi Jennifer.

Thank you for your message of July 31, demanding that the Department produce an "administrative record," respond on an expedited timetable to your interrogatories and requests for production, and participate in a "meet and confer" session in anticipation of a motion you apparently intend to file pursuant to Rule 37, FRCP. Because your request is entirely improper and finds no justification in the Federal Rules of Civil Procedure, the Local Rules of this Court, the law pertaining to actions under the Administrative Procedure Act, or any standing order issued by Judge Evanson , we must respectfully decline on all counts.

First, as to the Administrative Record, as we made clear at the hearing on your motion for a temporary restraining order, the Department has taken no final agency action to terminate any grant. In fact, as a preliminary step before proceeding to terminate any grant, the Department asked the Court to clarify that, as the Department believes, terminating the grants that were the subject of Washington I would not violate the permanent injunction in Washington I. Since the Court has declared the Motion to Clarify moot, the Department no longer can obtain guidance from the Court to help inform any final agency actions pursuant to termination. Furthermore, now that the Court has issued a temporary restraining order in Washington II (wrongly in the Department's opinion) that enjoins the Department from proceeding with terminations consistent with the opinion, it is now prohibited from taking any final agency action pending further orders from the Court. Thus, there is as yet no final agency action to terminate any grant and, by definition, no "administrative record"

pertaining to such final agency action. As you know, an administrative record exists to provide the basis for judicial review of a final agency action and for no other reason. Here, as there is as yet no final agency action there is no administrative record for a final agency action to provide. Indeed, any internal Department documents pertaining to possible terminations of any affected grantee, to the extent they even exist, would be, at a minimum, protected from disclosure by the deliberative process privilege.

Second, although you are demanding that the Department respond to your discovery request, you are not entitled to propound discovery to the Department in this APA action. As you know, discovery is not generally allowed in an APA action, subject to four narrowly construed exceptions that all preliminarily require that the party demonstrate to the satisfaction of a district court that an existing administrative record for a final agency action is for some reason inadequate to serve as a basis for judicial review. Obviously, you cannot make such a showing to the Court here where there has been no final agency action and, consequently, there is no administrative record, inadequate or otherwise.

Finally, apart from the above, the Department would not be in violation of Rule 37 for declining to consent to your request for expedited discovery. See Fed. R. Civ. P. 37(c). Neither your requests for admissions or interrogatories have yet been properly served upon the Department and, even if they had been properly served, responses would not be overdue. See Fed. R. Civ. P. 33(a)(2), 34(a)(2). Thus, quite simply, as of yet there is nothing to “compel” because there has been no even arguable violation of the discovery rules. Accordingly, there is no discovery dispute to bring to Judge Evanson’s attention via a joint statement and the Department declines to participate in that process.

If you seek discovery in this APA action, expedited or otherwise, you are required to bring a motion before the Court under LCR 7. In that way, the Department will be afforded an opportunity to fully respond as intended by the local rules.

Brian Kipnis, AUSA
(206) 553-7970

---

**From:** Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>
**Sent:** Friday, July 31, 2026 1:08 PM
**To:** Kipnis, Brian (USAWAW) <Brian.Kipnis@usdoj.gov>; Bishop, Sarah (USAWAW) <Sarah.Bishop@usdoj.gov>
**Cc:** Range, Ellen (ATG) <ellen.range@atg.wa.gov>; McGinty, William (ATG) <william.mcginty@atg.wa.gov>; Alexander, Cynthia (ATG) <cynthia.alexander@atg.wa.gov>; Locke, Tally (ATG) <tally.locke@atg.wa.gov>; Hoosier, Diane L. (ATG) <diane.hoosier@atg.wa.gov>
**Subject:** [EXTERNAL] Washington v. Dep't of Education: expedited discovery
**Importance:** High

Counsel,

Based on the Court's order yesterday "encourag[ing] the parties to avoid any unnecessary delays," Dkt. 53, Plaintiffs will not wait until Defendants' response to the PI motion to request discovery. We therefore seek an expedited administrative record as well as expedited discovery under FRCP 26(d) by August 14, 2026, regarding Defendants' plan to terminate grants protected by the Court's December 19, 2025, permanent injunction. *See Washington I*, Dkt. 269; *see, e.g.*, *id*. Dkts. 437, 446.

Our requests are narrowly tailored and relate to representations Defendants have already made to the Court, for a plan Defendants would have begun executing today had the Court not entered a TRO. Any burden to Defendants should be minimal, and substantive responses by August 14 present no undue burden.

Based on Defendants' position in the parties' July 29, 2026, email to Deputy Staples, we anticipate that you will object to any expedited discovery. Pursuant to the parties' obligations under LCR 37(a) and Judge Evanson's Standing Order (Dkt. 20), we are available for a meet and confer any time today or Monday prior to 1:00 p.m. PT.

In order to maximize the productivity of a conferral, we are attaching the discovery we are asking you to agree to, which include interrogatories, requests for production, and requests for admission. Pursuant to Judge Evanson's Standing Order, we are also attaching Plaintiff State's portion of a draft joint letter regarding discovery dispute that we will file on Monday should the parties be unable to reach agreement. Given the Court's instruction that Plaintiff States file "as soon as practicable," Dkt. 53, we'll move forward with filing our half of the statement if we don't hear from you by **Monday at 1:00 p.m.**

Thank you for your prompt consideration of this request.

Regards,
Jennifer

**Jennifer K. Chung** (she/her)
Assistant Attorney General | Complex Litigation Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000 | Seattle, WA 98104
Ph: 206-389-2413 | jennifer.chung@atg.wa.gov

The material contained herein may be confidential and/or subject to the attorney/client or work product privilege. If you believe you have received this message in error, please notify sender immediately.