# Exhibit B

The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | NO. 2:26-cv-02409-KKE<br><br>PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS |

TO: Defendants in the above-captioned litigation;

AND TO: Counsel for Defendants:

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Plaintiff States request that Defendants answer the following Interrogatories and Requests for Production (together, the Requests) separately and fully under oath, no later than August 14, 2026, and in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

These Interrogatories and Requests for Production are continuing in nature and you must reasonably supplement or amend your answers and responses to these requests to include certain types of information, specified in the rules, which you later acquire pursuant to Federal Rule of Civil Procedure 26.

Documents are to be produced via a secure Managed File Transfer (MFT) website, to be coordinated with Jennifer.Chung@atg.wa.gov.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

## I. DEFINITIONS

For the purposes of these Requests, the following definitions apply:

1. "Defendants," "you," and "your" means the U.S. Department of Education, Secretary Linda McMahon, in her official capacity, as well as any of their employees, personnel, agents, consultants, experts, representatives, or other persons or entities acting or who have acted on their behalf, such as contractors or personnel from other agencies.

2. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3. The term "Federal Civil Rights Procedural Protections" refers to the protections provided by 20 U.S.C. §§ 1221(d), 1232i(b), 1682; 42 U.S.C. § 2000d-1; and their implementing regulations, including 34 C.F.R. §§ 100.6-100.11, 106.81 and part 101.

4. The term "GEPA Procedural Protections" refers to the protections provided by 20 U.S.C. §§ 1234d and 1234g, and their implementing regulations, including 34 C.F.R. §§ 75.903 and 81.1–.45.

5. The term "*Washington I*" refers to *Washington v. U.S. Department of Education*, No. 2:25-cv-01228-KKE (W.D. Wash.).

6. The term "*Washington II*" refers to *Washington v. U.S. Department of Education*, No. 2:26-cv-02409-KKE (W.D. Wash.).

7. The term "*Washington* grants" refers to grants protected by the permanent injunction entered on December 19, 2025, in *Washington I*, Dkt. # 269.

8. The term "*Washington* grantee" refers to grantees who are the recipients of *Washington* grants.

9. The term "termination plan" refers to the plan that the Western District of Washington enjoined on July 27, 2026, in *Washington II*, Dkt. # 50. This includes the plan to



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

terminate "some or all" *Washington* grants referenced in Defendants' motion for clarification briefing in *Washington I*, Dkt. ## 437, 446.

## II. INSTRUCTIONS

1. Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, if you object, the grounds for each objection must be stated.

2. No specific Interrogatory or Request for Production should be construed to limit the scope of any other Interrogatory or Request for Production, or of any term defined above, and no subpart of any Interrogatory or Request for Production should be construed to limit the scope of any other subpart of such Interrogatory or Request for Production.

3. When an answer or response contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of an answer or response, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When an answer or response that includes documents has been redacted or altered in any fashion, you must identify as to each document the reason(s) for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. If you object to or otherwise decline to respond to any portion of an Interrogatory or Request for Production, please provide all information called for by that portion of the Interrogatory or Request for Production to which you do not object or to which you do not decline to respond. For those portions of an Interrogatory or Request for Production to which you object or otherwise refuse to provide an answer or response, please state the reason(s) for such objection or refusal, and state whether you are refusing to provide an answer or response.

5. It is intended that these Interrogatories and Requests for Production will not solicit any material protected either by the attorney-client privilege or by the work-product



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

doctrine that was created by, or developed by, your counsel after the date on which this litigation was commenced, and they should be construed accordingly.

6. If an answer or response to any Interrogatory or Request for Production is objected to on the grounds that the Interrogatory or Request for Production is unduly burdensome, please describe the burden or expense associated with answering or responding.

7. Notwithstanding any definition set forth above, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

8. Do not reproduce documents already provided in the Administrative Record in *Washington I* (e.g., *Washington I*, Dkt. ## 202–06, 255, 258). If that record contains responsive documents, Defendants should identify or describe them in their Request for Production responses.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** Counsel represented at the July 24, 2026, hearing that Defendants planned to make termination decisions based "on the merits of the individual grant . . . [a]s compared to what they believe the merits to be." Mot. TRO & Mot. Clarify Hr'g Tr. 36:15–20. Identify what policy and criteria Defendants plan to use to evaluate whether to terminate any individual *Washington* grant, including but not limited to the merits of that grant.

**ANSWER:**

**INTERROGATORY NO. 2:** If Defendants contend there are circumstances under which they would not provide GEPA Procedural Protections prior to terminating any individual *Washington* grant that meets the policy or criteria for termination identified in Defendants' Answer to Interrogatory No. 1, describe or provide illustrative examples of these circumstances.

**ANSWER:**



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

**<u>INTERROGATORY NO. 3</u>:** If Defendants contend there are circumstances under which they would not provide Federal Civil Rights Procedural Protections prior to terminating any individual *Washington* grant that meets the policy or criteria for termination identified in Defendants' Answer to Interrogatory No. 1, describe or provide illustrative examples of these circumstances.

**<u>ANSWER</u>:**

## IV. REQUESTS FOR PRODUCTION

**<u>REQUEST FOR PRODUCTION NO. 1</u>:** In *Washington I*, Defendants represented that: "Defendants intend to move forward with a proposal to terminate some or all" *Washington* grants. *Washington I*, Dkt. # 437 at p. 2. In *Washington v. U.S. Department of Education*, No. 26-510 (9th Cir.), Defendants represented that the Department has a "plan to terminate some or all of the grants in this case." DktEntry 39.1 at 2. Produce any documents or communications memorializing, prompting, informing, supporting, or regarding Defendants' proposal to terminate *Washington* grants and/or the plan to terminate *Washington* grants.

**<u>RESPONSE</u>:**

**<u>REQUEST FOR PRODUCTION NO. 2</u>:** The Department represented to *Washington* grantees "that exclusive jurisdiction for challenges to grant terminations is in the United States Court of Federal Claims." *E.g.*, *Washington II*, Dkt. # 13-4 at p. 2. Produce any documents memorializing, prompting, informing, supporting, or regarding the Department's decision to make this representation, including any documents memorializing the guidance or circumstances reflected in Defendants' Answers to Interrogatory Nos. 2 & 3.

**<u>RESPONSE</u>:**



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

**<u>REQUEST FOR PRODUCTION NO. 3</u>:** Defendants represented in *Washington I*, Dkt. # 437 at p. 2 that "[g]rantees will continue to have funding available until the Department issues a notice of termination." Produce any documents or communications memorializing, informing, supporting, and/or regarding the Department's decision to implement this policy, including any documents memorializing the guidance or circumstances reflected in Defendants' Answers to Interrogatory Nos. 2 & 3.

**<u>RESPONSE</u>:**

**<u>REQUEST FOR PRODUCTION NO. 4</u>:** Any written materials, including guidance, policies, directives, priorities, or criteria, that Defendants relied on in formulating its termination plan.

**<u>RESPONSE</u>:**

**<u>REQUEST FOR PRODUCTION NO. 5</u>:** Any written materials, including guidance, policies, directives, priorities, or criteria, that Defendants would use in evaluating whether to terminate *Washington* grants under the termination plan, including any materials memorializing the policy or criteria identified in Defendants' Answer to Interrogatory No. 1.

**<u>RESPONSE</u>:**



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

DATED this 3rd day of August 2026.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Jennifer K. Chung*
JENNIFER K. CHUNG, WSBA #51583
ELLEN RANGE, WSBA #51334
Assistant Attorneys General
Complex Litigation Division
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Jennifer.Chung@atg.wa.gov
Ellen.Range@atg.wa.gov
William McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Sarah H. Weiss*
SARAH H. WEISS*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Sarah.Weiss@coag.gov

*Attorney for State of Colorado*

WILLIAM TONG
Attorney General of Connecticut

*/s/ Andrew Ammirati*
ANDREW AMMIRATI**
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov

*Attorney for State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Ian R. Liston*
IAN R. LISTON*
Director of Impact Litigation
VANESSA L. KASSAB*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Ian.Liston@delaware.gov
Vanessa.Kassab@delaware.gov

*Attorneys for the State of Delaware*

KWAME RAOUL
Attorney General of Illinois

*/s/ Emily Hirsch*
EMILY HIRSCH*
Assistant Attorney General
ALEEZA STRUBEL*
Complex Litigation Counsel
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0148
Aleeza.Strubel@ilag.gov
Emily.Hirsch@ilag.gov

*Attorneys for State of Illinois*

AARON M. FREY
Attorney General of Maine

*/s/ Sarah A. Forster*
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

*Attorney for the State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Michael Drezner*
MICHAEL DREZNER**
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6959
Mdrezner@oag.state.md.us

*Attorney for State of Maryland*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Adelaide Pagano*
ADELAIDE PAGANO*
Assistant Attorney General
Office of the Massachusetts Attorney General
100 Cambridge Street
Boston, MA 02108
617-963-2122
Adelaide.Pagano@mass.gov

*Counsel for the Commonwealth of Massachusetts*

DANA NESSEL
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

*Attorney for the State of Michigan*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ Aletheia V.P. Allen*
ALETHEIA V.P. ALLEN*
Solicitor General
LAWRENCE MARCUS*
Assistant Solicitor General
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
AAllen@nmdoj.gov
LMarcus@nmdoj.gov

*Attorneys for State of New Mexico*

LETITIA JAMES
Attorney General of New York

*/s/ Rabia Muqaddam*
RABIA MUQADDAM*
Chief Counsel for Federal Initiatives
MARK LADOV**
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-8240
Rabia.Muqaddam@ag.ny.gov
Mark.Ladov@ag.ny.gov

*Attorneys for the State of New York*

DAN RAYFIELD
Attorney General of Oregon

*/s/ Leanne Hartmann*
LEANNE HARTMANN*
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Leanne.Hartmann@doj.oregon.gov

*Attorney for State of Oregon*

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Kyla Duffy*
KYLA DUFFY*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
Kduffy@riag.ri.gov

*Attorney for State of Rhode Island*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Frances Reynolds Colbert*
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

*Attorney for State of Wisconsin*

*Admitted pro hac vice*
***Pro hac vice application forthcoming*

**CERTIFICATION**

The undersigned attorney for Defendants has read the foregoing responses to Plaintiffs' First Set of Interrogatories and Requests for Production to Defendants, and certify that they are in compliance with the Federal Rules of Civil Procedure.

DATED this ________ day of ___________________ 2026.

______________________________________
Signed

______________________________________
Printed



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744