UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | CASE NO. C26-2409-KKE |
| Plaintiff(s), | ORDER SETTING BRIEFING SCHEDULE |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | |
| Defendant(s). | |

A group of 15 states ("Plaintiff States") filed this action challenging the Defendant United States Department of Education's plan to terminate a group of grants ("the Grants") that provide mental health services for public-school students in their states no earlier than July 31, 2026.  Dkt. No. 1.  Plaintiff States also filed a motion for temporary restraining order ("TRO") to enjoin the Department from terminating the grants for allegedly unlawful reasons.  Dkt. Nos. 10, 22.

The Court granted Plaintiff States' TRO motion, temporarily prohibiting the Government from terminating the Grants without providing certain procedural protections or terminating the Grants by evaluating the Grants for alignment with new priorities that did not exist at the time the Grantee applied for the Grant.  Dkt. No. 50 at 14.  The Court stated that the TRO will expire on August 24, 2026.  *Id*. at 15.  The Court entered an agreed briefing schedule for Plaintiff States' motion for a preliminary injunction: Defendants' (referred to collectively as "the Government")

ORDER SETTING BRIEFING SCHEDULE - 1

opposition is due August 14, 2026; Plaintiff States' reply is due August 20, 2026; and oral argument will be heard on August 24, 2026.  Dkt. No. 53.

Plaintiff States filed a statement[1] on August 3, 2026, indicating that they request leave to seek expedited discovery.  Dkt. No. 57.  Plaintiff States aver that they have shown the "good cause" necessary to support expedited discovery here because "further preliminary relief" beyond a TRO "would benefit from a more developed factual record."  *Id*. at 2.  Plaintiff States also emphasize that the Government retains sole possession of the factual record, and that the Government will not agree to provide discovery "on [an] expedited basis, absent this Court's intervention."  *See, e.g.*, Dkt. No. 57-1.

Plaintiff States thus request that the Court order the Government to respond to a set of requests for production, interrogatories, and requests for admission related to the Government's plan to terminate the Grants.  Dkt. No. 57 at 2.  Plaintiff States also request that the Government prepare an expedited administrative record.  *Id*.  According to Plaintiff States, the information sought is needed to respond to the Government's anticipated jurisdictional arguments in opposition to the preliminary injunction motion, as previewed in its opposition to the TRO.  *Id*. at 3.  Plaintiff States request that the Government be ordered to respond to their discovery requests by August 14, 2026, before their reply on the preliminary injunction motion is due.  *Id*. at 2.

The Government takes the position that if Plaintiff States wish to seek leave for expedited discovery, they must file a motion and that motion should be briefed in the normal course.  The Court finds merit in this argument, in large part.  The Court construes Plaintiff States' statement (Dkt. No. 57) as a motion for expedited discovery, and orders the parties to brief this motion as follows: the Government's opposition is due no later than August 18, 2026, and Plaintiff States'

---

[1] Although Plaintiff States invoked this Court's procedure for resolving discovery disputes, the Court finds that due to the posture of this case, this dispute is not amenable to that procedure.

ORDER SETTING BRIEFING SCHEDULE - 2

reply is due no later than August 20, 2026.  Plaintiff States are afforded slightly less time to file a reply under the Court-ordered schedule than under the Local Rules because it is Plaintiff States who seek expedited relief.  The Clerk is directed to NOTE Plaintiff States' motion (Dkt. No. 57) for August 20, 2026.

Granting the Government's request for a full opportunity for briefing on the issue of expedited discovery in this manner necessitates an extension of the preliminary injunction briefing schedule, and therefore a brief extension of the TRO.  The Court VACATES the prior briefing and hearing schedule (Dkt. Nos. 52, 53) and directs the parties to meet and confer on an appropriate extended briefing schedule for the preliminary injunction motion, such that the hearing currently set for August 24, 2026, will be re-set for no earlier than September 8, 2026.  The parties shall file a proposed briefing schedule (either jointly or separately), no later than August 6, 2026.

To provide sufficient time to brief both the motion for expedited discovery and the preliminary injunction motion, the TRO will not expire until the preliminary injunction is resolved. *See, e.g.*, *Dataspan Holdings, Inc. v. Choquer*, No. 2:25-cv-2607-BJR, 2026 WL 114306, at *6 & n.1 (W.D. Wash. Jan. 15, 2026) ("While TROs typically expire after fourteen days, the Court may extend them for good cause.  Based on the record before it and the discovery and motion schedules outlined above, the Court presumptively extends the expiration deadline. [Defendant] may move for relief if she believes such relief is necessary.").

Dated this 4th day of August, 2026.

Kymberly K. Evanson
United States District Judge

ORDER SETTING BRIEFING SCHEDULE - 3