Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | CASE NO. 2:26-cv-02409-KKE<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE** |

Defendants U.S. Department of Education and Linda S. McMahon, U.S. Secretary of Education (collectively, "the Department") hereby respond to "Plaintiffs' Statement Regarding Discovery Dispute." Dkt. # 57.[1]

## INTRODUCTION

The Court should deny the Plaintiffs' effort to obtain discovery from the Department in an APA case where discovery is ordinarily not permitted. In contravention of the federal rules, Plaintiffs have pursued a "sue first, find evidence later" strategy in which they have filed a complaint to take advantage of the discovery tools in the federal rules hoping that they can find support for their baseless allegations after the fact. This abuse of the federal rules should not be

[1] The Court has construed the States' "separate statement regarding discovery dispute" to be a motion for expedited discovery. Dkt. # 60, p. 2, *ll.* 20-21.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

countenanced. And it is an even more egregious strategy in an APA action in which discovery is not allowed, and the Court's review is supposed to be based exclusively on an administrative record. Apart from that, there are substantial questions of subject matter jurisdiction in this case and unless and until those questions are definitively resolved in the States' favor there should be no consideration of discovery.[2]

## STATEMENT OF FACTS

On June 10, 2026, Defendants filed a motion in *Washington I*[3] to clarify the Court's preliminary injunction. Dkt. # 437. Specifically, the Department informed the Court of the following:

> Defendants intend to move forward with a proposal to terminate some or all of the grants affected by the injunction issued by this Court on December 19, 2025. This litigation has centered on the Department's authority to non-continue grants under 34 C.F.R. § 75.253. The Department is now planning to proceed under 2 C.F.R. § 200.340, an independent provision granting broad authority to terminate grants. The Department's Section 200.340 authority has not been at issue in this lawsuit and has not been addressed by any ruling of this Court.
>
> The Department intends to proceed with these terminations no sooner than July 31, 2026, subject to a ruling by the Court that it would consider a grant termination as described by this motion to be a violation of its December 19, 2025, injunction.

*Washington I*, Dkt. # 437, p. 2, *ll.* 2-13.

Before the Court could rule on that motion, indeed before the Department made any termination decision as to any single grant, the States commenced this action (*Washington II*) and sought a preliminary injunction. Dkt. ## 1, 10.

Plaintiffs' complaint alleges the existence of "[a] plan to circumvent the permanent injunction by targeting the grants protected by the *Washington* [*I*] injunction for termination pursuant to the February and June Directives . . ." Dkt. # 1, ¶ 10. Their complaint self-titles this supposed plan as "the *Washington* Plan." *Id.* Tacitly confirming their lack of evidence to support

---

[2] The States' gratuitous statement that the Department has not acted with complete candor towards the Court should be ignored as there is no evidence that the Department has ever been less than completely truthful with the Court.

[3] *State of Washington, et al. v. U.S. Department of Education, et al*. Case No 2:25-cv-01228-KKE (W.D Wash.).



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

this allegation, Plaintiffs' complaint conditions their allegation in a footnote with the representation that the asserted facts are only "likely" to be true. *Id.* at p. 10, *n.*1. What makes the alleged facts "likely" rather than baseless and speculative is never revealed.

On the same day, Plaintiffs filed a motion for a preliminary injunction. Dkt. # 10. As in their complaint, Plaintiffs' preliminary injunction motion is based on speculative allegations as to what the Department was "likely" planning.[4] Following oral argument on the States' motion, the Court issued an injunction based on these unevidenced allegations. The Court barred the Department from "implementing or enforcing through any means the termination plan described in this order against the Grants . . ." Dkt. # 50, p. 14. The Court, relying on the States' arguments, concluded that it was "likely" that the Department's "termination plan" would be unlawful. *Id.*, p. 6, *ll*. 2-6. Despite the Department's contrary evidence, the Court reached this conclusion based on its assumption that the Department would be following certain directives in terminating the grants and the States' unevidenced allegations. The Court also predicted that "it is likely that the Department intends to terminate Grants" without affording the Grantees procedural protections to which they might be entitled under the General Education Provisions Act (GEPA), 20 U.S.C. § 1221 *et seq*., or "federal civil rights statutes." *Id.* at pp. 6-7. And it assumed that the grant terminations contemplated by the Department "likely reflect[ ] an unexplained change in Department policy." *Id.* at p. 7, *ll*. 4-5.

Addressing the Department's challenge to the Court's jurisdiction in light of the Ninth Circuit's recent decision in *Thakur v. Trump*, 176 F.4th 1187, 1196 (9th Cir. 2026), the Court distinguished *Thakur* because "Plaintiffs States seek only prospective relief." Dkt. # 50, p. 9, *ll*. 11-18. The Court construed the 14-day limit on temporary restraining orders in Rule 65(b)(2), Fed. R. Civ. P., to be confined to TROs that are issued without notice and a hearing. *Id*. at p. 15, n.9. Accordingly, the Court ordered that the TRO would remain in effect for 28 days. *Id*.

---

[4] Plaintiffs suggest that the "*Washington* plan" if put into effect would violate this Court's injunction in *Washington I*, but this Court has never so held. *See Washington I,* Dkt. # 454.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

On August 4, 2026, in response to the States' unorthodox invocation of this Court's discovery dispute procedures, the Court construed their "separate statement" as a motion to compel the Department to respond to expedited discovery. Dkt. # 60, p. 2. To accommodate this request, the Court extended its "temporary restraining order" indefinitely. *Id.* at p. 3, *ll*. 12-18 (extending the TRO "until the preliminary injunction is resolved.")

**ARGUMENT**

I. BECAUSE THIS COURT LACKS JURISDICTION THE DEPARTMENT MAY NOT BE COMPELLED TO PROVIDE AN ADMINISTRATIVE RECORD OR TO RESPOND TO DISCOVERY

The Court's power to compel the Department to take any action in this lawsuit derives from the Court's subject matter jurisdiction. Without subject matter jurisdiction it "cannot proceed at all." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998). The Court may "only note the jurisdictional defect and dismiss the suit." *Id.*

Plaintiffs' complaint exclusively invokes the limited waiver of sovereign immunity embodied in the judicial review provisions of the APA, and so their claim is only cognizable within the confines of that waiver. *See United States v. Shaw*, 309 U.S. 495, 500–501 (1940) ("[W]ithout specific statutory consent, no suit may be brought against the United States."). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).[5]

This Court's authority to compel the Department to produce an administrative record and to respond to requests for discovery both depend on the Court having subject matter jurisdiction over the States' action. As briefed in the Department's opposition to Plaintiff's motion for a preliminary injunction (Dkt. # 36, pp. 4-8) and the Department's pending motion for a stay pending appeal (Dkt. # 66, pp. 3-6), this Court lacks subject matter jurisdiction over grant terminations. *See Thakur v. Trump*, 176 F.4th 1187, 1196 (9th Cir. 2026) (reversing preliminary injunction enjoining grant

---

[5] While some of Plaintiffs' claims are based on constitutional provisions, those claims also depend on the APA's waiver of sovereign immunity. See 5 U.S.C. § 706(2)(B) ("Reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity . . .").



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

terminations prospectively and retrospectively). Also, this Court lacks subject matter jurisdiction to review non-final agency actions, and here the Department has taken no action to terminate any grant agreement. *See San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 571 (9th Cir. 2019).

Because this Court lacks subject matter jurisdiction, Plaintiffs' motion to compel the Department to produce an administrative record and to respond to discovery should be denied. *See Docken v. City of Edgewood*, 2015 WL 1529528, at *3 (W.D. Wash. 2015) (striking motion to compel discovery because "[t]his Court does not have subject matter jurisdiction over Plaintiff's claim."); *Gen. Agent Ctr. Inc. v. Donald Vanier LLP*, 632 F. Supp. 3d 1044, 1052 (D. Ariz. 2022) (citing *Steel Co.* and denying request to compel discovery in absence of personal jurisdiction); *In re Glen Ivy Resorts, Inc.*, 171 B.R. 98, 101 (Bankr. C.D. Cal. 1994) ("[A] court's discovery powers are co-terminus with its subject matter jurisdiction."). For this reason, it is quite common for district courts to stay discovery until jurisdictional questions have been resolved. *See e.g. Magassa v. Wolf*, 2020 WL 2307477, at *1 (W.D. Wash. May 8, 2020).

## II. THERE IS NO ADMINISTRATIVE RECORD TO COMPEL

Plaintiffs' motion asks the Court to compel the production of an administrative record. An administrative record cannot be compelled because one does not presently exist. Judicial review of the merits of a challenge to an agency action is based on a "review [of] the whole record or those parts of it cited by a party." 5 U.S.C. § 706. In this setting, which involves informal rulemaking as opposed to on-the-record proceedings, an administrative record is compiled by an administrative agency only when a party challenges a final agency action of the Department. The single purpose of an administrative record under the APA is to provide a factual basis for judicial review of a final agency action. Consequently, federal agencies generally do not contemporaneously compile or maintain a record of their informal activities. Instead, an administrative record is compiled after a lawsuit is filed under the APA challenging a final agency action.

Because, as set forth above, there has been no final agency action by the Department to terminate any grant agreement, there exists no corresponding administrative record. The



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Department cannot be compelled to produce what does not exist. Moreover, under the circumstances, any hypothetical internal deliberative document relating to the possible future termination of a grant agreement would be, by definition, pre-decisional and therefore subject to the deliberative process privilege. *See F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1160-1161 (9th Cir. 1984). Thus, should the States' request that the Department be compelled to compile an "administrative record" be granted, the Department anticipates that it will object to the production of many, if not all, of the records that would be eligible for possible inclusion in an administrative record. Accordingly, the Department will likely withhold those documents subject to further adjudication by this Court as to the propriety of the Department's objections on a document-by-document basis.

## III. PLAINTIFFS' DISCOVERY REQUESTS MAY NOT BE CHARACTERIZED AS JURISDICTIONAL DISCOVERY

Notwithstanding *Steel Co.,* a party may obtain discovery where there is a fact-based question pertaining to the existence of subject matter jurisdiction. *Am. West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989) ("[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."). Discovery is limited in that situation to what is necessary to answer the jurisdictional question and a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion. *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009), *cert. denied*, 558 U.S. 826 (2009). Rule 8 pleading requirements prevent parties from filing complaints in order to conduct aimless fishing expeditions in the hope that some helpful evidence might possibly be uncovered. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) ("Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Thus, in *Freeman*, the court denied a request for jurisdictional discovery where "plaintiffs have failed to articulate a discrete discovery request that might cure the jurisdictional deficiency and have failed to otherwise specify where they might discover the necessary factual predicate for subject matter jurisdiction." *Id*. 556 F.3d at 342.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Plaintiffs do not justify their extensive and burdensome discovery requests as necessary or efficacious to overcome the jurisdictional deficiencies facing their claim. Indeed, it is apparent that their proposed discovery goes exclusively to the issue of liability. *See e.g.,* Dkt. # 57, p. 3, *ll.* 1-7.[6] Indeed, Plaintiffs' requested discovery is designed to assist them in their improper purpose of attempting to pre-litigate the legality of administrative decisions that have not yet been made by forcing the Department to espouse hypothetical opinions on legal questions divorced from any factual context.[7]

Moreover, no facts developed through discovery could overcome the Court's lack of subject matter jurisdiction over grant terminations as established by, *inter alia*, *NIH* and *Thakur.* Those cases completely close the district court's doors to Plaintiffs' claims. Similarly, discovery is not necessary to prove that there has been no final agency action when it is undisputed by Plaintiffs that the Department has yet to terminate a single grant agreement in a manner that is inconsistent with their position on the Department's supposed obligations under the law. To the contrary, Plaintiffs proposed discovery bypasses jurisdiction entirely in their effort to establish liability. Thus, Plaintiffs' proposed discovery cannot be justified as jurisdictional discovery.

## IV. PLAINTIFFS' SEPARATE STATEMENT DOES NOT ESTABLISH GROUNDS FOR CIRCUMVENTING THE RULE BARRING DISCOVERY IN APA ACTIONS

Because Plaintiffs premise subject matter jurisdiction on the APA their claims are subject to the unique requirements of this waiver of sovereign immunity. Among these are that "agency

---

[6] Plaintiffs provide the following justification, having nothing to do with subject matter jurisdiction:

> Regardless of what that exact plan is, the evidence available to Plaintiffs shows it is likely unlawful due to its noncompliance with statutory procedural protections and its use of new priorities to decide which grants to terminate; and, if implemented, Defendants' termination plan would cause Plaintiff States irreparable injury . . . Expedited discovery is therefore warranted to give the Court clarity on precisely the nature of the issues involved.

Dkt. # 57, p. 3, ll. 1-7.

[7] *See, e.g.* Interrogatory Nos. 1-3. Dkt. # 57-2, pp. 5-6. For example, Interrogatory No. 3 requests that:

> If Defendants contend there are circumstances under which they would not provide Federal Civil Rights Procedural Protections prior to terminating any individual Washington grant that meets the policy or criteria for termination identified in Defendants' Answer to Interrogatory No. 1, describe or provide illustrative examples of these circumstances.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

actions are to be judged on the agency record alone, without discovery." *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). There are exceptions to this rule that are applicable in "limited circumstances" and are "narrowly construed and applied." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). As the *Lands Council* Court cautioned:

> The scope of these exceptions permitted by our precedent is constrained, so that the exception does not undermine the general rule. Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making.

*Id*. A "heavy burden" rests upon a party who seeks either to conduct discovery or place extra-record materials before the Court in an APA action. *See Fence Creek Cattle Co. v. U.S. Forest Serv*., 602 F.3d 1125, 1131 (9th Cir. 2010). The requesting party must show that the extra-record material is "necessary to adequately review the challenged agency decision." *Id*. Even then, the purposes for which the material may be considered by the Court are limited. Most importantly, the party must demonstrate that consideration of the extra-record evidence is not sought for the purpose of attacking the "correctness or wisdom" of the agency's action. *See Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980); *and see San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014). The States have identified no exception which permits them to obtain and the Court to review extra-record evidence obtained through discovery. For that additional reason, their request for discovery should be denied.

///

///

///

///

///

///

///

///



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel the Department to produce an administrative record and to respond to discovery should be denied.

## CERTIFICATION

I certify that this memorandum contains 2,739 words, in compliance with LCR 7(e)(4).

DATED this 18th day of August 2026.

Respectfully submitted,

/s/ Brian C. Kipnis
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
Email: brian.kipnis@usdoj.gov

*Attorney for Defendants*