The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

Defendants.

NO. 2:26-cv-02409-KKE

PLAINTIFF STATES' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY

NOTED ON MOTION CALENDAR: AUGUST 20, 2026

## I. INTRODUCTION

The evidence demonstrates that "the Department has formulated a plan to re-review Grants for termination based on unlawful reasons." Dkt. #50 at 5. While this "satisf[ies] Plaintiff States' burden to show that it is likely that the Department's re-review . . . is intended to have legal consequences," the precise details of Defendants' plan are impossible to define because Defendants refuse to explain what they are doing. *Id.* at 12; *see also, e.g.*, *id.* at 11 n.8.

Defendants attempt to use their obfuscation as both sword and shield, arguing that because they have not informed Plaintiff States what they plan to do, Plaintiff States lack evidence showing Defendants plan to do anything at all. *See* Dkt. #66 at 5. Although Plaintiff States have met their burden, this Court also recognized "there may be internal Department guidance yet to be uncovered that explicitly describes the procedure in more detail." Dkt. #50 at 12. Defendants cannot be allowed to claim that Plaintiff States have not met their burden to



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

show final agency action while simultaneously refusing to answer straightforward questions about their self-described "concrete" plan. To prevent this abuse, the Court should order Defendants to respond to Plaintiff States' discovery requests, which target the details that Defendants have refused to divulge and narrow the issues for preliminary injunction.

To ensure this information is available before the preliminary injunction hearing on September 8, Defendants should respond to Plaintiffs' limited discovery requests and produce documents no later than August 27.

## II. ARGUMENT

### A. Defendants Dispute Jurisdiction Based on Plaintiffs' Purported Lack of Evidence

Expedited discovery is warranted because Defendants have put jurisdiction at issue. "Under the APA, agency action is subject to judicial review only when it is either: (1) made reviewable by statute; or (2) a 'final' action 'for which there is no other adequate remedy in a court.'" *Cabaccang v. U.S. Citizenship and Immigr. Servs.*, 627 F.3d 1313, 1315 (9th Cir. 2010) (quoting 5 U.S.C. § 704). Both apply here, as Defendants' actions, enforcing their interpretation of federal civil rights laws, are both "made reviewable by" Title VI and Title IX and "final." 5 U.S.C. § 704; *see* 42 U.S.C. 2000d-2; 20 U.S.C. § 1683; Dkt. #1 ¶¶ 103–06, 163–83. Defendants attack this Court's jurisdiction by disputing whether they plan to violate procedural requirements under GEPA and federal civil rights laws when terminating any Protected Grant, whether they plan to use the February and June Directives to re-review Protected Grants for termination, and the very existence of a plan to re-review and terminate Protected Grants without following applicable statutory procedures (the "Termination Plan"). Defendants also impermissibly disregard Plaintiffs' Spending Clause and *ultra vires* claims. *Compare* Dkt. #81 at 4 n.5, *with California v. Wright*, No. 3:26-cv-01417-RFL, 2026 WL 1915590, at *7 (N.D. Cal. July 2, 2026) (explaining constitutional and *ultra vires* claims "are not barred by sovereign immunity") (citing *E. V. v. Robinson*, 906 F.3d 1082, 1090 (9th Cir. 2018)) *and* Dkt. #1 ¶¶ 184–200 (claims not pled under APA).

This Court found, on the current record, that Plaintiffs are likely to show the Termination Plan is final agency action, and that under this plan, Defendants were likely to unlawfully re-review and terminate Protected Grants using the unpublished priorities from the Directives, and without complying with GEPA and federal civil rights procedural protections. *See* Dkt. #50 at 5–7. The record includes the February and June Directives, Defendants' numerous representations that they have a "concrete" plan to terminate "some or all" grants, effective immediately, beginning July 31, 2026, and Defendants' actions when ending other Department grants. *See* Dkt. #72 at 15–17, 22–24.

The Department's own webpage, "Department Grant Discontinuation and Termination Processes," confirms the unlawful elements of Defendants' Termination Plan. *See* Chung Decl. Ex. A. There, the Department acknowledges that it uses the Directives' new "merit, fairness, and excellence in education" priorities when reviewing grants for both discontinuation and termination. *See id.* at 3 (explaining both review processes involve ending grants that "conflict with the Department's policy of prioritizing merit, fairness, and excellence in education"); Dkt. #11-3 at 2; Dkt. #11-4 at 2. These review processes also involve discontinuing and terminating grants that "violate the letter or purpose of Federal civil rights law," but they do not comply with federal civil rights procedural requirements. Chung Decl. Ex. A, at 3; *see id.* at 3–4 (procedures do not include attempted voluntary compliance or administrative hearing). Nor does the "Grant Termination Process" include GEPA's procedural requirements. *See id.* at 3; *see also* 20 U.S.C. § 1234d.

Defendants' challenge to final agency action is almost exclusively based on legal argument contesting the sufficiency of the evidence. *See, e.g.*, Dkt. #36 at 10; Dkt. #66 at 5–6, n.2; Dkt. #81 at 2–3; July 24, 2026, TRO Hr'g Tr. (TRO Tr.) 37:22–38:1, 39:22–41:8. The only evidence Defendants cite is their own motion for clarification and a self-serving declaration that merely states the Department no longer uses the February Directive. *See* Dkt. #36 at 10 (citing



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

*Washington v. U.S. Dep't of Educ.*, No. 2:25-cv-01228-KKE (W.D. Wash.) (*Washington* (2025)), Dkt. ##446, 447-1).

Defendants hold all the cards. The only way Plaintiffs can refute Defendants' denials is by getting discovery from them.

**B. Jurisdictional Discovery is Appropriate**

Defendants do not dispute that the preliminary injunction hearing provides "good cause" for expediting discovery under Fed. R. Civ. P. 26(d)(1). *See, e.g.*, 1993 amendment to Rule 26(d), advisory committee note (expedited discovery "appropriate" for preliminary injunction). Given Defendants' ongoing efforts to cast doubt on this Court's jurisdiction, the Court should find good cause and order expedited discovery on this issue. *See, e.g.*, *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (holding district court abused its discretion for not permitting jurisdictional discovery); *Am. West Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir.1989) ("[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."); *Illinois v. Vought*, No. 1:26-cv-01566-MSS, 2026 WL 962382, at *2 (N.D. Ill. Feb. 25, 2026) (granting expedited discovery "to allow this court to assess its jurisdiction and to decide whether preliminary injunctive relief is warranted").

Contrary to Defendants' characterization, Plaintiffs' discovery requests pertain to jurisdiction, not "liability." *See* Dkt. #57-2; Dkt. #57-3; *contra* Dkt. #81 at 7. Given evidence such as Defendants' own statements regarding its Termination Plan, *see supra* § II.A, there is a "reasonable probability" that discovery will shed further light on Defendants' final agency action. *Laub*, 342 F.3d at 1093. Plaintiffs request information regarding Defendants' Termination Plan and whether it provides applicable procedural protections. *See* Dkt. #57-2; Dkt. #57-3. These requests are germane to final agency action, and therefore this Court's jurisdiction, because evidence of a changed legal relationship (including loss of procedural rights) shows finality. *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 986–87 (9th Cir. 2006); *see also Safe Air v. Meyer*, 373 F.3d 1035, 1039–40 (9th Cir. 2004) (recognizing that

jurisdictional and substantive issues may be intertwined). The cases Defendants rely on are easily distinguished because none of them involved a jurisdictional fact dispute. *See* Dkt. #81 at 5; *see, e.g.*, *Docken v. City of Edgewood*, No. 3:14-cv-05365-RJB, 2015 WL 1529528, at *3 (W.D. Wash. April 2, 2015) (striking motion to compel regarding computation of damages).

Additionally, Defendants make a prospective, blanket claim of deliberative process privilege, but this is based on their theory that only the termination of an individual grant qualifies as final agency action. *See* Dkt. #81 at 6. It is highly likely that responsive, non-privileged documents exist regarding the Termination Plan and its unlawful elements. *See, e.g.*, Chung Decl. Ex. B ¶ 21 (declaration from former program officer for different Department grant program discussing "an email message from a previously unknown federal employee . . . instruct[ing] the program staff . . . to review grants for 'discriminatory activities'"). Regardless, the possibility that some responsive documents may be privileged does not obviate the need for jurisdictional discovery. *See, e.g.*, *Cal. Native Plant Soc'y v. EPA*, 251 F.R.D. 408, 410, 415 (N.D. Cal. 2008) (ordering agencies to respond more fully to interrogatories for jurisdictional discovery and noting that the deliberative process privilege yields when the need overrides the government's interest).

### C. Extra-Record Discovery Is Appropriate

Contrary to Defendants' claim, *see* Dkt. #81 at 7–8, Plaintiffs meet the exceptions for extra-record discovery. Under well-established Ninth Circuit standards, such evidence may be considered in APA challenges "(1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' . . . or (4) 'when plaintiffs make a showing of agency bad faith.'" *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (citation modified). These exceptions apply here.

First, Defendants argue they should not be required to produce the administrative record because there is no final agency action to challenge and therefore no administrative record to



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

produce. *See* Dkt. #81 at 5–6. But evidence shows the existence of a final agency action—the Termination Plan. *See supra* § II.A. As such, Defendants' failure to produce any documents at all meets the first two exceptions. Indeed, "[d]istrict courts regularly authorize extra-record discovery to determine whether and what agency action took place in APA cases involving disputes over the existence and scope of agency action." *Garro Pinchi v. Mullin*, No. 5:25-cv-05632-PCP, 2026 WL 2109878, at *3 (N.D. Cal. Apr. 10, 2026) (concluding first two exceptions met where parties disputed "threshold question" of "what actions [the agency] took and, more specifically, whether it implemented the alleged . . . policy"); *see also, e.g.*, *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018) (extra record evidence appropriate "to ascertain the contours of the precise policy at issue") (quotation omitted).

Second, extra-record discovery is warranted due to Defendants' "bad faith or improper behavior." *Dep't of Com. v. New York*, 588 U.S. 752, 781 (2019). Defendants have repeatedly urged the Court "to presume that the Department [will] proceed lawfully." Dkt. #66 at 6; *see also, e.g.*, Dkt. #80 at 6; TRO Tr. 39:22–40:8. But in that same breath, Defendants repeatedly assert that they can terminate grants unlawfully, and Plaintiffs' only recourse would be in the Court of Federal Claims. *See, e.g.*, TRO Tr. 31–33; Dkt. #66 at 7; Dkt. #80 at 2. And Defendants' repeated disregard of statutory procedural requirements when ending other Department grants cannot be ignored. *See, e.g.*, Dkt. #75 at 7 (cataloguing cases).

It bears repeating that Defendants can still terminate grants under the TRO—they simply must do so in compliance with undisputed GEPA and federal civil rights procedural requirements and not based on new priorities. *See* Dkt. #50 at 14. If Defendants' Termination Plan does not involve violating procedural requirements or ending grants based on new priorities, then the TRO does not bar Defendants from moving forward with their plan. The fact that Defendants are fighting tooth and nail to find a jurisdictional loophole so they can avoid injunctive relief shows that they do, in fact, have a plan to re-review and terminate Protected Grants using an unlawful process—and Plaintiffs are entitled to discovery about that plan. *Cf.* Dkt. #67 ¶ 2



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

(referencing "grant agreements that the Department otherwise would decide to terminate without the injunction").

Defendants have repeatedly made misrepresentations to the Court, and Plaintiffs and their grantees have repeatedly suffered for it. *See, e.g.*, *Washington* (2025), Dkt. #288 at 5–11 (discussing Defendants' repeated representations that they could or would make continuation decisions by the end of 2025, failure to do so, and resulting harm); *id.* Dkt. #367 at 5–10 (discussing Defendants' repeated representations that they would issue twelve-month continuation awards, imposition of burdensome "risk mitigation measures" including only six months of funding, and resulting harm); *id*. Dkt. #419 at 4–5 (additional harms); *compare, e.g.*, *id*. Dkt. #432 at 26:22–27:1 (dismissing Plaintiffs' concerns about burdensome measures as "imagining a worst-case scenario"), *with id.*, Dkt. #437 (announcing plan to terminate grants instead of making additional funding determinations); *see also, e.g.*, Dkt. #37 at 12–13 (discussing Defendants' omission of June Directive from Certified Administrative Record and repeated use of that omission against Plaintiffs during summary judgment briefing). This is more than sufficient to show the bad faith exception is met.

## III. CONCLUSION

The Court should order Defendants to respond to Plaintiffs' discovery requests and produce documents by August 27, 2026.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

DATED this 20th day of August 2026.

I certify that this memorandum contains 2090 words in compliance with Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Jennifer K. Chung*
JENNIFER K. CHUNG, WSBA #51583
ELLEN RANGE, WSBA #51334
Assistant Attorneys General
Complex Litigation Division
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Jennifer.Chung@atg.wa.gov
Ellen.Range@atg.wa.gov
William McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA**
Senior Assistant Attorney General
KATHLEEN BOERGERS**
Supervising Deputy Attorney General
KATHERINE MILTON**
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Sarah H. Weiss*
SARAH H. WEISS*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Sarah.Weiss@coag.gov

*Attorney for State of Colorado*

WILLIAM TONG
Attorney General of Connecticut

*/s/ Andrew Ammirati*
ANDREW AMMIRATI*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov

*Attorney for State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Ian R. Liston*
IAN R. LISTON*
Director of Impact Litigation
VANESSA L. KASSAB**
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Ian.Liston@delaware.gov
Vanessa.Kassab@delaware.gov

*Attorneys for the State of Delaware*

KWAME RAOUL
Attorney General of Illinois

*/s/ Emily Hirsch*
EMILY HIRSCH*
Assistant Attorney General
ALEEZA STRUBEL*
Complex Litigation Counsel
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0148
Aleeza.Strubel@ilag.gov
Emily.Hirsch@ilag.gov

*Attorneys for State of Illinois*

AARON M. FREY
Attorney General of Maine

*/s/ Sarah A. Forster*
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

*Attorney for the State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Michael Drezner*
MICHAEL DREZNER*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6959
Mdrezner@oag.state.md.us

*Attorney for State of Maryland*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Adelaide Pagano*
ADELAIDE PAGANO*
Assistant Attorney General
Office of the Massachusetts Attorney General
100 Cambridge Street
Boston, MA 02108
617-963-2122
Adelaide.Pagano@mass.gov

*Counsel for the Commonwealth of Massachusetts*

DANA NESSEL
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

*Attorney for the State of Michigan*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ Aletheia V.P. Allen*
ALETHEIA V.P. ALLEN*
Solicitor General
SETH C. MCMILLAN*
Deputy Solicitor General
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
AAllen@nmdoj.gov
SMcMillan@nmdoj.gov

*Attorneys for State of New Mexico*

LETITIA JAMES
Attorney General of New York

/s/ Rabia Muqaddam
RABIA MUQADDAM*
Chief Counsel for Federal Initiatives
MARK LADOV**
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-8240
Rabia.Muqaddam@ag.ny.gov
Mark.Ladov@ag.ny.gov

*Attorneys for the State of New York*

DAN RAYFIELD
Attorney General of Oregon

/s/ Leanne Hartmann
LEANNE HARTMANN*
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Leanne.Hartmann@doj.oregon.gov

*Attorney for State of Oregon*

PETER F. NERONHA
Attorney General of Rhode Island

/s/ Kyla Duffy
KYLA DUFFY*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
Kduffy@riag.ri.gov

*Attorney for State of Rhode Island*

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

*Attorney for State of Wisconsin*

**Admitted pro hac vice*