UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br>Plaintiff(s),<br>v.<br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br>Defendant(s). | CASE NO. C26-2409-KKE<br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF STATES' MOTION FOR EXPEDITED DISCOVERY |

A group of 15 states ("Plaintiff States") filed this action challenging the Defendant United States Department of Education's plan to terminate a group of grants ("the Grants") that provide mental health services for public-school students in their states no earlier than July 31, 2026. Dkt. No. 1. Plaintiff States also filed a motion for temporary restraining order ("TRO") to enjoin the Department from unlawfully terminating the Grants for allegedly unlawful reasons. Dkt. Nos. 10, 22.

The Court granted Plaintiff States' TRO motion, temporarily prohibiting the Department and its secretary (collectively referred to in this order as "the Government") from terminating the Grants without providing certain procedural protections or terminating the Grants by evaluating the Grants for alignment with new priorities that did not exist at the time the Grantee applied for the Grant. Dkt. No. 50 at 14. Although the Government denied that it had taken "final agency action" toward terminating the Grants, the Court found that "the documents that are already part

of the record satisfy Plaintiff States' burden to show that it is likely that the Department's re-review has been planned and is intended to have legal consequences, and there may be internal Department guidance yet to be uncovered that explicitly describes the procedure in more detail." *Id.* at 12. The Court thus found that for purposes of a TRO, there was sufficient evidence of a "final agency action" to support judicial review. *Id.* at 9.

The parties are now briefing Plaintiff States' motion for a preliminary injunction: the Government's opposition is due August 25, 2026; Plaintiff States' reply is due September 2, 2026; and the Court will hear oral argument on September 8, 2026. Dkt. No. 69. Plaintiff States filed a statement[1] on August 3, 2026, requesting the Court compel expedited production of an administrative record and authorize extra-record discovery to support their preliminary injunction motion. Dkt. No. 57. Plaintiff States aver that they have shown the "good cause" necessary to support expedited discovery here because "further preliminary relief" beyond a TRO "would benefit from a more developed factual record." *Id.* at 2. Plaintiff States also emphasize that the Government retains sole possession of the factual record, and that the Government will not agree to provide any record "on [an] expedited basis, absent this Court's intervention." Dkt. No. 57 at 2.

Plaintiff States thus request that the Court order the Government to respond to a set of requests for production, interrogatories, and requests for admission related to the Government's plan to terminate the Grants. Dkt. No. 57 at 2. Plaintiff States also request that the Government prepare an expedited administrative record. *Id.* According to Plaintiff States, the information sought is needed to respond to the Government's anticipated jurisdictional arguments in opposition to the preliminary injunction motion, as previewed in its opposition to the TRO. *Id.* at 3. Plaintiff

[1] The Court construed this statement as a motion. *See* Dkt. No. 60.

States request that the Government be ordered to respond to their discovery requests by August 27, 2026, before their reply on the preliminary injunction motion is due. Dkt. No. 82 at 2. Plaintiff States contend that these circumstances constitute good cause to allow expedited discovery under Federal Rule of Civil Procedure 26(d)(1).

The Government does not disagree that factual disputes as to jurisdiction can justify expedited discovery while a preliminary injunction motion is pending (Dkt. No. 81 at 6–7), but nonetheless opposes the motion on multiple grounds.[2] First, the Government relies on arguments made in opposition to the TRO to contend that the Court lacks subject matter jurisdiction and thus lacks authority to compel the Government to produce an administrative record or respond to discovery requests. *Id*. at 4. For the reasons explained in the TRO, the Court has already found that it is likely that the Court has subject matter jurisdiction and the Government has not presented new arguments or evidence that warrant revisiting that conclusion at this time. *See* Dkt. No. 50 at 7–12.

Moreover, an administrative record and the Government's discovery responses should contain information that would assist the Court in confirming the existence of its jurisdiction, such as internal Department communication and guidance regarding the termination plan. *See* Dkt. No. 57-2. In this way, the Government's jurisdictional challenges support the need for expedited discovery rather than persuade the Court to deny it. *See, e.g.*, *Illinois v. Vought*, No. 26 CV 1566, 2026 WL 962382, at * (N.D. Ill. Feb. 25, 2026) (granting plaintiffs' motion for expedited discovery in a grant-terminations case, finding it "necessary to allow this court to assess its jurisdiction and to decide whether preliminary injunctive relief is warranted").

---

[2] The Government also filed a notice of intent to file a surreply on August 20, 2026 (Dkt. No. 84), but as of the filing of this order, has not done so. Given the time-sensitive nature of the motion, the Court finds it appropriate to resolve the motion without further delay.

Although the Department disputes whether the discovery requests are in fact targeted to discover information relevant to jurisdiction (Dkt. No. 81 at 6–7), the Court concludes that most of the requests support this inquiry. Plaintiff States' request for an expedited administrative record, along with their proposed RFPs and proposed Interrogatory No. 1, indeed seek information relevant to determining whether the Government has prepared a guidance document or written policy that would constitute a final agency action. *See, e.g.*, Dkt. No. 57-2 (Interrogatory No. 1, RFP 1–5). This information would be directly relevant to confirming the Court's jurisdiction to hear Plaintiff States' challenge to the Government's termination plan. *See* Dkt. No. 50 at 12 (addressing the Government's argument that once the termination plan has been effectuated, then the terminations themselves must be challenged in the Court of Federal Claims). That the other proposed discovery requests seek information more relevant to the merits rather than jurisdiction does not suggest that the targeted requests are not needed.

Next, the Government argues that there is no administrative record in existence to compel because no terminations have yet been effectuated and "federal agencies generally do not contemporaneously compile or maintain a record of their informal activities." Dkt. No. 81 at 5. This argument does not establish that expediting the production of the administrative record is inappropriate. That the Government's records may not have been contemporaneously compiled does not bear on whether they could or should be compiled and produced. And even if the Government has accurately forecasted that "many, if not all, of the records that would be eligible for possible inclusion in an administrative record" would be withheld as privileged (Dkt. No. 81 at 6), the Government has not shown that it should not be required to prepare an expedited administrative record here and allow the Court to resolve any privilege issues as needed thereafter. Because the documents contained in an administrative record may assist the Court in confirming its jurisdiction, the Court finds that production of the administrative record on an expedited basis

is warranted here. *See, e.g.*, *Doe #1 v. Trump*, 423 F. Supp. 3d 1040, 1046–47 (D. Or. 2019) (ordering expedited production of the administrative record in advance of a preliminary injunction hearing, because "[w]ithout production of the administrative record, it will be difficult conclusively to determine whether the agency action was final").

Lastly, the Government argues that because discovery is generally not permitted in APA actions like this one, Plaintiff States are not entitled to extra-record discovery here. Dkt. No. 81 at 8. On this point, the Government wants it both ways. The Department is both refusing to voluntarily produce an administrative record and at the same time arguing that Plaintiff States are not entitled to discovery beyond the administrative record, which Plaintiff States could presumably obtain at some unspecified point in the future after the terminations have been carried out. But the Government has already taken the position that at that point, this Court would lack jurisdiction to address the terminated Grants and Plaintiff States would have no venue in which to seek the declaratory and injunctive relief requested in their complaint. The Court rejects this "heads I win, tails you lose" approach to this litigation.

Moreover, even in APA actions, courts have found that plaintiffs are entitled to limited extra-record discovery seeking information relevant to jurisdiction at the point in the litigation where those jurisdictional arguments will be resolved. *See, e.g.*, *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (finding that a district abused its discretion in refusing to authorize discovery because "discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed"); *Sweet v. DeVos*, 495 F. Supp. 3d 835, 847 (N.D. Cal. 2020) ("Bearing in mind that discovery against agencies is disfavored, [expedited discovery] will be limited, but broad enough to be effective."); *Garro Pinchi v. Mullin*, __ F. Supp. 3d __, 2026 WL 2109878, at *3 (N.D. Cal. Apr. 10, 2026) (allowing extra-record discovery that will help the Court determine what actions (if any) an agency took, recognizing that "[d]istrict courts regularly

authorize extra-record discovery to determine whether and what agency action took place in APA cases involving disputes over the existence and scope of agency action"); *Illinois*, 2026 WL 962382, at *1 (granting motion for expedited discovery where the administrative record did not explain the process by which an agency selected certain grants for termination: "To pursue their motion for a preliminary injunction, and to give this court a more complete record to assess its jurisdiction, plaintiffs have good cause to receive additional documents.").

For these reasons, the Court finds that the needs of this case justify expedited discovery because there is a motion for a preliminary injunction pending, and many[3] of the proposed discovery requests narrowly target information crucial to confirming the Court's jurisdiction and the propriety of continued injunctive relief. Although Plaintiff States' motion comes relatively early in this litigation, there has been some significant litigation already in this case and even more in its companion case, *State of Washington v. U.S. Department of Education*, No. C25-1228 (W.D. Wash. 2025).[4]

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff States' motion (Dkt. No. 57) as follows:

(1) Plaintiff States' RFPs and Interrogatory No. 1 (Dkt. No. 57-2) are deemed served;

(2) No later than August 28, 2026, the Government shall respond to Plaintiff States' discovery requests (RFPs and Interrogatory No. 1) and produce responsive documents

---

[3] Plaintiff States' proposed RFAs and Interrogatory Nos. 2–3 are less targeted to jurisdictional issues, instead focusing on merits arguments. Dkt. Nos. 57-2, 57-3. The Court will therefore deny Plaintiff States' motion with respect to those RFAs and Interrogatories. But because Plaintiff States' proposed RFPs and Interrogatory No. 1 are narrowly targeted to jurisdictional issues on which Plaintiff States bear the burden with respect to the preliminary injunction motion, the Court will grant Plaintiff States' motion as to them, along with the request for an expedited administrative record.

[4] Plaintiff States contend that the Government's actions in the companion case amount to bad faith that would provide additional support for expedited discovery in this case. Dkt. No. 82 at 7. The Court has not expressly found bad faith on the part of the Government, although, as summarized by Plaintiff States (*id.*), the Court has expressed frustration with the Government's lack of complete candor at times. The Court finds that even without consideration of this factor, expedited discovery is warranted.

as well as an expedited administrative record, together with any privilege log for documents withheld or redacted.

Dated this 24th day of August, 2026.

Kymberly K. Evanson
United States District Judge