IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-02409-KKE |

**DECLARATION OF MURRAY BESSETTE**

I, Murray Bessette, do declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and accurate to the best of my information and belief:

1. I am the Principal Deputy Assistant Secretary of Education of the Office of Planning, Evaluation and Policy Development at the United States Department of Education ("the Department"). In this role, I serve as the principal adviser to the Secretary on all matters relating to policy development, implementation, evaluation, and review, budget proposals and processes, data strategy and governance, student privacy, and Department grantmaking.

2. I am informed that the Plaintiffs in this case have argued that the Department's Motion to Clarify, which sought "an order clarifying that the Court's December 19, 2025 injunction, which addresses the Department's non-continuation authority under 34 C.F.R. § 75.253, does not restrict the Department's separate authority to terminate grants under 2 C.F.R. § 200.340[,]" reflects the existence of a "Washington Plan." Specifically, I am informed that Plaintiff's Complaint alleges that the Department had, at the time of their Complaint, finalized a

"Washington Plan" and selected a known set of grantees affected "by the *Washington* injunction for termination pursuant to the February and June Directives[.]"

3. This is not the case. A "Washington Plan," as such, does not exist. If there existed such a plan, I would have seen it, reviewed it, and if appropriate, I would have approved it prior to its execution.

4. At the time of the Department's Motion to Clarify, my understanding was that the Department was seeking the Court's guidance on whether terminations of grants that are affected by the Court's December injunction based on a procedure and legal authority not at issue in the prior lawsuit would violate the December injunction. Given those concerns, it made sense for the Department to seek clarification of the scope of the December injunction from the Court.

5. The goal of the Motion to Clarify was to obtain the requested clarification, which the Department believed would be consistent with the Department's view that the December injunction would not be violated, before moving forward with any decisions to terminate any grant agreements.

6. Later, I was informed that this Court decided the Motion to Clarify was moot based on the State plaintiffs' filing of a second lawsuit, and no guidance by the Court was provided.

7. To date, the Department has not initiated the termination of any grants currently in the *Washington* litigation.

8. If the Department is able to proceed in making termination decisions regarding grants involved affected by the *Washington* litigation, the Department intends to follow all applicable legal procedures required of it, including those required by the General Education Provisions Act (GEPA) and any mandated by any applicable Civil Rights Act provisions.

Executed on this 25th day of August, 2026 in Washington, D.C.

Murray Bessette