Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | CASE NO. NO. 2:26-cv-2409-KKE<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE AND MODIFY PRELIMINARY INJUNCTION** |

Defendants U.S. Department of Education and Linda S. McMahon, U.S. Secretary of Education (hereafter collectively referred to as "the Department") hereby submit this memorandum in opposition to Plaintiff States' Motion to Enforce and Modify the September 22, 2026, Preliminary Injunction (Dkt. # 116).[1]

## INTRODUCTION

Insofar as the States' present motion seeks to enforce the preliminary injunction entered in

1 The States' motion seeks relief in two separate lawsuits through one identical motion filed in both cases. That is improper as these two separate cases have never been consolidated. The two cases are at different stages, granting very distinct and discrete types of relief based on different allegations of agency misconduct, and the States' motion glosses over material differences between the two. In an effort to avoid the confusion that the States' motion causes, this opposition will respond to the States' motion only as it pertains to this lawsuit and the specific relief awarded.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

this case on September 22, 2026, and now on appeal in the Court of Appeals, that motion should be denied. None of the Protected Grants have either been terminated involuntarily or defunded and no term of the preliminary injunction has been violated. The States' request that the preliminary injunction be modified post-appeal under the guise of "preserving the status quo" should also be denied. Although the States' motion represents that "new facts" have emerged in the 21 days since the Court issued its preliminary injunction that have had some threatening effect on the status quo, the States' motion adduces no evidence of any new action taken by the Department since the preliminary injunction was issued that threatens the status quo and warrants taking the extraordinary step of modifying the preliminary injunction before the Court of Appeals passes on its legality. Moreover, the relief requested by the States is not meant to preserve the status quo but instead to enforce a "payment direction" on the Department when, in seeking the preliminary injunction, the States represented to the Court that they were seeking only a "process correction." This post-appeal adjudication of substantial rights directly involved in the appeal is not permitted under Ninth Circuit law. Accordingly, the States' motion to modify the injunction should also be denied.

## STATEMENT OF FACTS

This lawsuit involves a dispute concerning the legality of a non-final proposal made known by the Department in a separate lawsuit, *State of Washington v. United States Department of Education*, *et al.*, Case No. C25-1228-KKE (W.D. Wash) ("*Washington I*") to potentially terminate an unspecified number of grants covered by an injunction previously issued in that lawsuit. *Washington I* concerned decisions issued by the Department in April 2025 to non-continue some multi-year grants agreements in the SBMH and MHSP programs. Each of those grant agreements was issued subject to a standard term that continuation decisions are contingent on the Secretary's "determination . . . that continuation of the project is in the best interest of the Federal Government." 34 C.F.R. § 75.253(a)(5). In December 2025, the Court entered an order setting aside the Department's "best interest" and non-continuation determinations, and requiring the Department to "make a lawful continuation decision as to each Grant" pursuant to 34 C.F.R. § 75.253(a). *Washington I,* dkt. # 269, p. 35. Although the compliance date for the achievement of that objective



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

was altered at the Department's request, it is undisputed that the Department complied with this order. Dkt. ## 365, 366.

In June 2026, the Department filed a motion to clarify the injunction in *Washington I.* Dkt. # 437. The Department informed the Court that it was proposing to terminate some or all of the grant agreements covered by the December 2025 injunction completely (as differentiated from the annual decision under 34 C.F.R. § 75.253(a) not to continue a grant for an additional year) under a separate legal authority than the one at issue in *Washington I.* The Department's motion sought the Court's guidance as to whether the Court would consider such a termination to be a violation of its injunction. *Id.*

In response to this motion, the States filed the present lawsuit, and they sought an injunction *pendente lite,* relying on the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*, to effectively preclude the Department from terminating any of the grant agreements covered by the *Washington I* injunction.[2] Upon the States' motion, the Court issued a temporary restraining order and subsequently a preliminary injunction. Dkt. ## 50, 106. The preliminary injunction issued by the Court restrains the Department as follows:

> a. withholding, in whole or in part, payments from Protected Grants without first providing any procedural protections to which Protected Grantees are due under the General Education Provisions Act and its implementing regulations, including those provided by 20 U.S.C. §§ 1234d, 1234g; 34 C.F.R. §§ 81.1–.45;
>
> b. terminating or refusing to grant or continue federal funding assistance, including withholding additional funding determinations or continuation decisions, as to any Protected Grant without first providing any procedural protections to which Protected Grantees are due under federal civil rights statute or regulation, including those provided by 20 U.S.C. §§ 1221(d), 1682, 1683; 34 C.F.R. §§ 100.8–.11, 106.81; and 42 U.S.C. §§ 2000d-1, 2000d-2;
>
> c. implementing or enforcing through any means the February 2025 directive, the June 2025 directive, or the termination plan, or any materially similar policy, against Protected Grantees, including by failing to provide any procedural protections to which Protected Grantees are due as stated in Paragraphs 1(a) and (b);
>
> d. reinstituting the February 2025 directive, the June 2025 directive, or the termination plan based on the same or similar reasons, including considering new priorities that did not exist at the time the grantee applied for a Protected Grant, for purposes of evaluating whether to

2 A cross-motion to dismiss the lawsuit for lack of subject matter jurisdiction was filed with the Department's opposition to the States' motion for a preliminary injunction and is pending before the Court. Dkt. # 86, 87.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

withhold funds from a Protected Grantee.

Dkt. # 106, pp. 17-18.

On September 25, 2026, as ordered by the Court, the Department filed a status report confirming implementation of the Court's order. Dkt. # 107. On October 7, 2026, the Department filed a notice of appeal from the preliminary injunction. Dkt. # 114. That appeal is pending. The Department also moved for a stay pending appeal, which is also pending. *State of Washington v. United States Department of Education*, Appeal No. 26-6602 (9th Cir.). Dkt. # 11.[3]

As of the present day, none of the "Protected Grants" have been terminated and the grant agreements continue to be funded. Decl. of Carr, *passim*. Moreover, the Department has issued updated Grant Award Notifications (GANs) to reflect the addition of future budget periods indicated in the grantees' initial GANs. *Id.* at ¶ 8-12. The grantees are advised by the GANs that they "can expend funds up to the recommended amount on their original GAN." *Id.* at ¶ 12. As it has throughout the entirety of this lawsuit, "[t]he Department continues to process and provide funding for complete and appropriately documented reimbursement requests." *Id.*

On October 13, 2026, a mere 21 days after the preliminary injunction was issued, the States filed the present motion seeking to "enforce" the preliminary injunction. Dkt. # 116. According to the States, although the Protected Grants have not been terminated, and despite the fact that the Department is continuing to fund the grants, the Department has violated the injunction by "awarding only seven months of funding and reneging on their promise to make additional funding determinations that would have funded Protected Grants for the full 2026 budget period." *Id.* at p. 3, *ll.* 8-9.

## ARGUMENT

### I. THE DEPARTMENT HAS NOT VIOLATED THE INJUNCTION SO THERE IS NOTHING TO ENFORCE

Self-evidently, in order to enforce an injunction, it must be shown that there is some term of

3 The Department filed a notice of appeal regarding the Court's previous injunction (dkt. # 50) and moved the Court for a stay of the injunction. The Court of Appeals denied the motion without explanation. *State of Washington v. United States Department of Education*, Appeal No. 26-5098 (9th Cir.). Dkt. # 17. Following the Court's issuance of the preliminary injunction, the Department voluntarily dismissed its appeal of the prior injunction. *Id.,* dkt. ## 20, 21.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

the injunction that has been violated. *See Garcia v. Bondi,* 2025 WL 1341670, at *3 (9th Cir. May 8, 2025) ("To the extent the injunction was enforceable at the time of the BIA's decision, the Government did not violate its terms."). Moreover, the enforceability of an injunction depends on the precision with which its terms are drawn. Injunctions must "be specific and definite enough to apprise those within its scope of the conduct that is being proscribed." *In re Baldwin-United Corp.*, 770 F.2d 328, 339 (2d Cir. 1985) (internal citation omitted). As the Supreme Court has observed, "[s]ince an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). Thus, injunctive relief must be narrowly drawn, precise, and tailored to remedy the specific harm alleged. A finding of noncompliance with an injunction cannot be based on unspecific language in the injunction. *See Dollar Rent A Car of Washington, Inc. v. Travelers Indemnity* Co., 774 F.2d 1371, 1376 (9th Cir. 1985).

With these principles in mind, the Court is required to examine the specific conduct that is alleged to violate the injunction against the express and unambiguous terms of the injunction in order to ascertain whether that conduct indeed violates the injunction. The States assert that the Department has violated the injunction in two separate ways. First, they allege that the Department has violated the injunction by "awarding only seven months of funding." Dkt. # 116, p. 3, *ll.* 9-11.[4] Second, they allege that the Department has violated the injunction by "reneging on their promise to make additional funding determinations that would have funded Protected Grants for the full 2026 budget period." *Id.*[5]

As to the first supposed violation, the States assert that the Department violated two

---

4 This contention stands entirely at odds with the following statement of the States' counsel during her argument at the September 8, 2026, hearing on the States' motion for a preliminary injunction:

> Again, plaintiffs seek a process correction, not a payment direction, one that this court and the Ninth Circuit have held belongs in district court, and based on the recent Ninth Circuit stay denial, the same holds true in this case.

Transcript of Hearing (9/8/2026), p. 7, *ll.* 19-23.

5 The States motion also complains that the GANs they have received reflect an incorrect "performance period." Dkt. # 116, p. 8, *ll.* 11-21. The Department has corrected this. Decl. of Carr, ¶¶ 10-11.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

provisions of the preliminary injunction. The first is ¶ 1.d., which provides in pertinent part:

> Defendants . . . are enjoined from . . . reinstituting the February 2025 directive, the June 2025 directive, or the termination plan based on the same or similar reasons, including considering new priorities that did not exist at the time the grantee applied for a Protected Grant, for purposes of evaluating whether to withhold funds from a Protected Grantee.

Dkt. # 116, pp. 12-13. No action by the Department has violated this term of the injunction. As evidenced here and before, and never rebutted by the States, the Department has not "with[eld] funds" from any Protected Grantee (nor is there any evidence before the Court that it has "evaluated" doing so), so no violation of this term has been shown. The essence of the States' complaint seems to be that the grantees have not received a Grant Award Notice ("GAN"), *i.e.,* an authorization to spend a certain amount of grant funds during a set period, in this case through the end of CY 2026. However, the States did not raise the GANs issue in their preliminary injunction motion and so it was not addressed by the preliminary injunction order.

Notwithstanding that nothing in this term of the preliminary injunction says anything about GANs, the States ask the Court to enforce the injunction based on an assumption. According, to the States, the Department *must be* refusing to issue GANs to the grantees because it is "still effectuating their new priorities and interpretation of federal civil rights laws, as Defendants have identified no other reason." Dkt. # 116, pp. 12-13. Query how a non-existent requirement of an injunction can form the basis for a violation of the injunction, particularly where the basis for the asserted violation of that non-existent requirement rests upon an unproven assumption. Also query how it is within the scope of fair argument to say that "Defendants have identified no other reason" before their opposition to the States' motion was due.

Regardless, the Department's grant management practices have already been explained in *Washington I*, and they have everything to do with prudent management of grant funds and nothing to do with "effectuating . . . new priorities." *See Washington I,* Dkt. # 418 (Decl. of Jackson), ¶¶ 2-8. The Department's authority to make payments "in installments, and […] by way of reimbursement" under 20 U.S.C. 1226a-1 has been a bedrock authority of the Department, since originally introduced in 1970 under Section 425 of H.R. 514 (Pub. L. No. 91-230) as part of the



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

"General Provisions Concerning Education." Congress has amended the General Education Provisions Act numerous times since then and has never chosen to alter the Secretary's authority to "determine" the appropriate method of payment under that provision. "It is within the Department's discretion to determine the method of providing funds" to grantees. *See Instituto de Educacion Universal Corp. v. Riley*, 973 F. Supp. 95, 97 (D.P.R. 1997); *and see Bowling Green Jr. Coll. v. U.S. Dep't of Educ.*, 687 F. Supp. 293, 297 (W.D. Ky. 1988) ("Title 20 U.S.C. § 1226a–1 of the General Education Provisions Act clearly grants the Secretary discretion in determining the method of payment. The Secretary is given wide authority in construing the Act's provisions[.]"). The States point to no regulation or statute that mandates the issuance of a GAN.

The Department's discretion in this situation also reflects, in part, the practical difficulty of recovering federal grant funds after they have been disbursed and spent. The Supreme Court credited the Government's unrefuted representation that "it is unlikely to recover the grant funds once they are disbursed." *Department of Education v. California*, 604 U.S. 650, 652 (2025) (per curiam). The Court has likewise recognized that compelled payment inflicts irreparable harm when the funds "cannot be recouped" and thus are "irrevocably expended." *National Institutes of Health v. American Public Health Ass'n,* 606 U.S. ___ (2025) (slip op. at 1) (*quoting Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (Scalia, J., in chambers)). Managing disbursements in stages and requiring adequate documentation before reimbursement, and additional obligation of funds by the Government, are therefore prudent means of safeguarding public funds, not evidence that the Department has withheld or terminated the Protected Grants.

In any event, this is a moot point. The grantees GANs have been updated and. for the current budget period ending December 31, 2026, those GANs permit the grantees to expend funds up to the recommended amount on their original GAN. Declaration of Carr, ¶ 12.

The States also contend that the Department has violated ¶ 1.b. of the preliminary injunction, which provides in pertinent part:

> Defendants . . . are enjoined from . . . terminating or refusing to grant or continue federal funding assistance, including withholding additional funding determinations or continuation decisions, as to any Protected Grant without first providing any procedural protections to



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

> which Protected Grantees are due under federal civil rights statute or regulation, including those provided by 20 U.S.C. §§ 1221(d), 1682, 1683; 34 C.F.R. §§ 100.8–.11, 106.81; and 42 U.S.C. §§ 2000d-1, 2000d-2.

Dkt. # 116, pp. 12-13. Nothing put into evidence by the States evidences that the Department is "terminating or refusing to grant or continue federal funding assistance, including withholding additional funding determinations or continuation decisions, as to any Protected Grant." To the contrary, as determined by the Department, the grantees are permitted to expend funds for the current budget period up to the recommended amount on their original GAN and the Department continues to process and provide funding for complete and appropriately documented reimbursement requests. Decl. of Carr, ¶ 8-12.

The States' alternative contention that the Department has violated the injunction by "reneging" on supposed promises does not hold water for a number of reasons. First, as should be self-evident, in a motion to enforce an injunction it is only the terms of the injunction that are enforceable, not external "promises." Second, the States do not provide evidence of any promise that has been broken. To the extent that are relying on statements made by the Department's counsel in *Washington I*, those "promises" would only be enforceable there, if at all. Lastly, the States have not demonstrated that the Department through its counsel has ever made a "promise," much less a promise that it has "broken." *See Meissner v. Simpson Timber Co.*, 69 Wash. 2d 949, 957, 421 P.2d 674, 679 (1966) ("[A]n intention to do a thing is not a promise to do it.").

In summary, the States' motion fails to show that the Department has violated the preliminary injunction issued here in any respect and so the motion to enforce the preliminary injunction should be denied.

## II. THE STATES FAIL TO IDENTIFY ANY "NEW FACTS" OR ANY CHANGE IN THE STATUS QUO THAT PROVIDE A BASIS FOR A POST-APPEAL MODIFICATION OF THE PRELIMINARY INJUNCTION

The appeal of the preliminary injunction here deprives the Court of jurisdiction to modify its injunction except for the narrow purpose of preserving the status quo. A post-appeal modification of an injunction may not "move the target." *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988). Thus, while a district court may act post-judgment to preserve the status quo during



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

an appeal when the status quo is threatened, it lacks jurisdiction following an appeal to "adjudicate anew the merits of the case." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *see also McClatchy Newspapers v. Cent. Vally Transp. Union No. 46, Int'l Typographical Union*, 688 F.2d 731, 734 (9th Cir.1982). "Thus, any action taken pursuant to Rule 62(c) [Fed. R. Civ. P.] may not materially alter the status of the case on appeal." *Sw. Marine Inc.*, 242 F.3d at 1166 (internal quotation omitted).

The States assert that there are "new facts" that threaten the status quo and thereby justify a modification in the preliminary injunction post-appeal. However, the States never mention what "new facts" have arisen since the Court issued the preliminary injunction on September 22 that require it to take the extraordinary step of modifying the injunction post-judgment. Indeed, the status quo is precisely the same as it was on July 10 when the States filed their lawsuit except that as a result of the preliminary injunction the Department may not, without risking contempt, involuntarily terminate any of the Protected Grants. Aside from that, nothing has changed during the entire course of this lawsuit. The method and manner of funding the Protected Grants is precisely the same as it was on the day the case was filed.

Thus, the States' motion is either a case of buyer's remorse or a calculated effort to acquire additional rights after the injunction's issuance. It is not necessary here to modify the injunction to preserve the status quo because the status quo is not threatened. Thus, the States' motion constitutes an effort to obtain post-appeal relief that they did not request in their original motion. The States had all of the knowledge and the same incentive to seek the relief they are now requesting when they originally sought the preliminary injunction that they ultimately obtained. But for whatever reasons, strategic or otherwise, they did not seek that relief.

And it simply cannot be said that the relief the States are belatedly seeking does not "materially alter" the status of the case on appeal. Their counsel told the Court in oral argument in seeking a preliminary injunction that that their lawsuit is seeking only "a process correction, not a payment direction," *see* footnote 4, *supra*, tacitly admitting that the distinction between the two was material to their motion. However, the modification they are seeking post-appeal is very clearly a



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

"payment direction:"

> Defendants must make additional funding determinations for the rest of the January 1, 2026, through December 31, 2026, budget period, for each Protected Grant within forty-eight hours of this Order. *Pursuant to those determinations, Defendants must issue Grant Award Notifications (GANs) that fully fund Protected Grants for the entire January 1, 2026, through December 31, 2026, budget period* within forty-eight hours of making the additional funding determinations.

Dkt. # 116-1, ¶ 2 (emphasis added). More than that, the States seek to abolish the Department's grant management discretion with respect to the Protected Grantees with the following "modification:"

> In administering the Protected Grants, Defendants shall not treat Protected Grantees less favorably than other MHSP and SBMH grantees.

Id. ¶ 5. These are not mere status quo preserving measures. In effect, the States are seeking a third injunction in the guise of a "modification" without ever making a motion for dispositive relief prior to the filing of the notice of appeal. This is not allowed.[6] *See McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982) (district court may act to preserve the status quo until decision by an appellate court "[b]ut it may not finally adjudicate substantial rights directly involved in the appeal.") (internal citations and quotations omitted).

The States are not entitled to seek a new, vastly expanded injunction post-appeal under the guise of "protecting the status quo," particularly because the Department has taken no new action that threatens the status quo prevailing at the time they obtained the original preliminary injunction.

---

6 The States did not seek an equal protection remedy in their preliminary injunction motion, but they have sought similar relief before in *Washington I* and were turned away by the Court. *Washington I,* dkt. # 344, p. 11, *ll.* 4-7. ("And to the extent that Plaintiff States contend that the grant awards violate various regulations (Dkt. No. 367 at 13–14; Dkt. No. 432 at 15–16 (citing 2 C.F.R. § 200.208)) that have not been litigated in this action, the Court declines to reach this issue or expand its injunction while the appeal is pending."). The Department demonstrated in opposing the States' second motion to enforce the permanent injunction in *Washington I* that the States misunderstood the meaning of such terms as "budget period" in the Department's regulations and were simply incorrect that as a regulatory or statutory matter the Department had any legal obligation to manage grants in the manner they suggested. *Washington I,* dkt. # 416, pp. 5-6. The grantees also have no constitutional right to "equal treatment" as compared to other grantees, which is a classification subject only to rational basis review. *See e.g., Dandridge v. Williams*, 397 U.S. 471, 485 (1970). In any event, if the States wish to pursue those claims they should do so in the context of a properly noticed motion and not in the context of a post-appeal motion to modify an injunction.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that Plaintiffs' motion to enforce or modify the injunction be denied.

## CERTIFICATION

I certify that this memorandum contains 3,943 words, in compliance with LCR 7(e)(3).

DATED this 28th day of October 2026.

Respectfully submitted,

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

*Attorneys for Defendants*