The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | NO. 2:25-cv-01228-KKE<br>NO. 2:26-cv-02409-KKE<br><br>PLAINTIFF STATES' REPLY IN SUPPORT OF MOTION TO ENFORCE AND MODIFY DECEMBER 19, 2025, PERMANENT INJUNCTION AND/OR SEPTEMBER 22, 2026, PRELIMINARY INJUNCTION<br><br>NOTED ON MOTION CALENDAR: NOVEMBER 3, 2026 |



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206 464-7744

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

A. Protected Grants Now Show "TERMINATION INITIATED" ..... 1

B. Defendants Have Not Awarded Additional Funds ..... 2

III. ARGUMENT ..... 3

A. Defendants Violated the 2025 Permanent Injunction ..... 3

B. Defendants Violated the 2026 Preliminary Injunction ..... 5

C. Defendants' Actions Warrant Modification ..... 6

IV. CONCLUSION ..... 7




ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206 464-7744

# I. INTRODUCTION

Defendants do not dispute the ad hoc grant procedure is a legally indefensible invention that instructs Protected Grantees to spend *more* than the amount they were awarded and provides no guarantee Defendants will issue "supplemental reimbursement awards" for these excess amounts or that money will even be available. Defendants' new GANs simply memorialize this unlawful procedure and disclaim obligation of any additional funds—an admission that Defendants violated the Court's order to "issue any new continuation awards" by March 5, 2026, and the injunction against withholding funding determination and funds. Without an obligation, Protected Grantees who incur expenses above their award amounts in December will not be reimbursed, because the appropriations from which funds derive will lapse on December 31, 2026, before Defendants can issue supplemental GANs.

Further, although Defendants claim the Department has not "terminat*ed*" any Protected Grants, newly available spending data shows the Department has "*initiated*" "termination" of several Protected Grants based on their alleged failure to "effectuate[] program goals or agency priorities." This blatantly violates the 2026 Preliminary Injunction.

The Court should enforce its orders.

# II. BACKGROUND

## A. Protected Grants Now Show "TERMINATION INITIATED"

USAspending.gov provides additional proof that Defendants have violated the 2026 Preliminary Injunction. The website now shows Defendants modified several Protected Grants on September 24, 2026, with this description: "TERMINATION INITIATED: NO LONGER EFFECTUATES PROGRAM GOALS OR AGENCY PRIORITIES." *See, e.g.*, Supp. Chung Decl. Ex. A, at 3 (Acton Agua); Ex. B, at 4 (Oxnard); Ex. C, at 3 (Santa Paula).

Apparently, this action appears for Protected Grantees who requested and received reimbursement for excess amounts. *See, e.g.*, *Washington v. Dep't of Educ.*, No. 2:26-cv-02409-KKE (W.D. Wash.) (*Washington* (2026)), Dkt. #133 ¶12 (Acton Agua); Dkt. #128 ¶7 (Oxnard);



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Dkt. #135 ¶12 (Santa Paula). This confirms the ad hoc grant procedure is part of the Termination Plan that the 2026 Preliminary Injunction enjoined—flatly contradicting Defendants' claim that "the Department has taken every step necessary to effectuate" the injunction. *Id.,* Dkt. #106 at 18; Dkt. #107 at 1.

**B. Defendants Have Not Awarded Additional Funds**

Defendants' newest GANs memorialize the ad hoc grant procedure without awarding new funds:

> No additional or supplemental funding is obligated as a result of this administrative action.
>
> For the current budget period ending December 31, 2026, grantees can expend funds up to the recommended amount on their original GAN…[P]lease refer to the Department's September 25, 2026 notification for additional guidance on…submission of reimbursement requests that may exceed the amount of currently available funds in your G5 account.

*Id.*, Dkt. #144-3 at 2.[1]

The "BUDGET PERIOD" provided in the GAN's "AUTHORIZED FUNDING" block provides "[t]he total amount of funds available for use by the grantee during the stated budget period." *Id.* at 1, 3. This figure has not changed and is generally still about seven months of the original budget. *See id.* at 1; Supp. Beaudoin Decl. ¶¶5-6. One grantee asked a federal program officer whether the Department would reimburse up to the full amount in the proposed 2026 budget from their first GAN. Supp. Beaudoin Decl. ¶10. The program officer said they would, but they could not put this in writing. *See id.*

Federal agencies must obligate funds before they can disburse them. An "obligation" is a "definite commitment that creates a legal liability," such as when "[a]n agency…awards a grant." U.S. Gov't Accountability Off., GAO-05-734SP, Budget Glossary at 70 (Sept. 2005) (Budget Glossary).[2] A "disbursement" is the actual payment of the funds. *See id.* at 45. Agency

[1] The notification is apparently dated September 16, not September 25. *Washington* (2026), Dkt. #144 ¶¶5-6.

[2] Available at https://www.gao.gov/assets/gao-05-734sp.pdf.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

compliance with fiscal laws "rests on the central concepts of…obligation and disbursement." *Id.* at 120-21. Agencies are required "to account for obligations." *Id.* at 121.

Under the ad hoc grant procedure, Defendants apparently issue a "supplemental reimbursement award" that obligates any requested and approved amounts in excess of current award funding just before Defendants disburse the funds. *See Washington* (2026), Dkt. #107 at 2; Dkt. #128 ¶7. However, the Department can only obligate funds "during the period of time specified in the…appropriation act." Budget Glossary at 21. The Program appropriations for Fiscal Year 2026 will lapse on December 31, 2026. Consolidated Appropriations Act, Pub. L. No. 119-75, 140 Stat. 173, 296 (Feb. 3, 2026). This means if a Protected Grantee incurs excess expenses in December and submits a reimbursement request, Defendants will not be able to issue a supplemental GAN and reimburse the grantee before the funds lapse.

## III. ARGUMENT

### A. Defendants Violated the 2025 Permanent Injunction

This Court ordered Defendants to "issue any new continuation awards" by March 5, 2026. *Washington v. Dep't of Educ.*, No. 2:25-cv-01228-KKE (W.D. Wash.) (*Washington* (2025)), Dkt. #363 at 3. Defendants do not meaningfully dispute that a "continuation award" means a GAN that obligates funds for the full budget period. *See generally id.*, Dkt. #460 at 10-12 (citing authority). In failing to issue GANs that obligated funds for the entire 2026 budget period, Defendants violated the Court's order that Defendants make continuation awards pursuant to Defendants' own funding determinations.

Defendants attempt to avoid the merits by reframing Plaintiffs' motion as one for reconsideration. *Id.*, Dkt. #485 at 5-7. But the Court stated it "would entertain a renewed motion to enforce" and denied the prior motion "without prejudice to re-filing." Dkt. #433 at 11-12*; see also* Dkt. #432 at 26-27 (Defendants argued that a violation had not "yet" occurred).



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Plaintiffs seek enforcement falling squarely within the injunction's text. Defendants claim the 2025 Permanent Injunction "d[id] not require the Department to make 'grant awards,'" that Plaintiffs are estopped from this request because it would alter the jurisdictional analysis, and that this Court does not have jurisdiction because this injunction is pending appeal. *Washington* (2025), Dkt. #485 at 10-11 & n.9. This is incorrect.

The Court originally ordered Defendants to "[m]ake lawful continuation determinations by December 30, 2025" and [i]ssue continuation awards by December 31, 2025." *Id.*, Dkt. #273 at 2. Defendants themselves said this order "implemented" the 2025 Permanent Injunction. *Id.*, Dkt. #276 at 1. The Ninth Circuit denied Defendants' emergency motion to stay and remanded to this Court to set new deadlines "to make new continuation decisions and any continuation awards resulting from those decisions." *Id.*, Dkt. #362 at 7. This Court has clear jurisdiction pursuant to the remand to order Defendants to issue any continuation awards—the order Plaintiffs now seek to enforce. It is evident Defendants did not issue "any continuation awards resulting from those [continuation] decisions" by March 5, 2026.[3] Indeed, Defendants were still issuing awards to Protected Grantees they determined should be continued as recently as October 21, 2026—almost eight months late. *Id.*, Dkt. #486 ¶7.

Defendants gloss over the injunction's requirements, claiming "the grantees are continuing to receive federal funding." *Id.*, Dkt. #485 at 7. But the order required "continuation awards," and Defendants have not issued an award that obligates funds for Protected Grantees' entire 2026 budget period—meaning Protected Grantees who have exceeded their grant award amounts are now operating without federal funding. *See, eg.*, *id.*, Dkt. #460 at 9 n.10. Any supplemental GANs provide retroactive funding, limited to, at most, grantees' reimbursement requests. *See Washington* (2026), Dkt. #107 at 2. And the newest GANs engage in doublespeak,

[3] This intervening event, Defendants' own funding determinations—whether continuation decisions or additional funding determinations—severs Defendants from a viable Tucker Act defense. *Washington v. Dep't of Educ.*, 161 F.4th 1136, 1139 (9th Cir. 2025) (Tucker Act did not apply where "Plaintiff States...are not entitled to continued funding unless the Secretary of Education affirmatively decides to continue their grants.").



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

encouraging grantees to spend funds up to the "recommended amount" (a term that is not defined) while denying any obligation of funds. *Id.*, Dkt. #144-3 at 2. These are not continuation awards.

**B. Defendants Violated the 2026 Preliminary Injunction**

The 2026 Preliminary Injunction enjoins Defendants from refusing to make additional funding determinations and issue awards for the rest of 2026. Defendants violated the injunction because "additional funding determinations" and "funds" are being "withheld"—i.e., Defendants refuse to make these determinations or obligate any additional funds. *See id.*, Dkt. #106 at 17-18; Dkt. #120-2 at 370 ("withholding" equated to "refus[ing] to provide additional funds"). The term "additional funding determination" came from Defendants' own declarant, who testified Protected Grantees' "ability to receive additional funding for the remainder of the year" would be based on mid-year performance information, with the additional funding determinations to be made by July 1, 2026. *Id.*, Dkt. #74-4 ¶¶2, 4. Defendants' claim they don't need to issue GANs because the injunction doesn't include the word "GAN" is specious; GANs are the vehicle used to award federal funds. *See id.*, Dkt. #143 at 6.

Defendants now try to deny that their new priorities are the reason they are refusing to fully fund Protected Grantees. *Id.* But USAspending.gov shows otherwise, reflecting some Protected Grantees' status as: "TERMINATION INITIATED: NO LONGER EFFECTUATES PROGRAM GOALS OR AGENCY PRIORITIES." *See supra* §II.A. And there is no reasonable dispute, at this late date, that the new priorities have driven the Department's decision-making since the beginning. *See, e.g.*, *Washington* (2025), Dkt. #50-1 at 2; *see also Washington* (2026), Dkt. #98-2 at 5; Dkt. #98-3 at 5 (no basis to deny funding).

Defendants try to play off the ad hoc grant procedure as simply a "grant management practice," but this is not credible. *Washington* (2026), Dkt. #143 at 6-7. This is not simply a different "method of payment" (i.e., disbursement). *Id.* at 7. It is one thing to require grantees to submit reimbursement requests to access awarded funds. It is quite another when the agency has



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

not actually awarded the funds and may not even have enough money left to do so. *Cf.* Supp. Beaudoin Decl. ¶9. The ad hoc grant procedure is not a "prudent means of safeguarding public funds"; it is an abdication of Defendants' fiscal responsibilities. *Washington* (2026), Dkt. #143 at 7; *see* Budget Glossary at 120-21. The procedure's absurdity is highlighted by the fact Defendants won't be able to reimburse grantees for excess expenses in December, because the appropriations will lapse before Defendants can issue supplemental GANs obligating the requested amounts. *See supra* §II.B.

Further, the 2026 Preliminary Injunction expressly enjoins Defendants from "implementing or enforcing…the termination plan" or "reinstituting…the termination plan…including considering new priorities." *Washington* (2026), Dkt. #106 at 18. Defendants have publicly announced they have done exactly that, as some Protected Grants now reflect the status: "TERMINATION INITIATED: NO LONGER EFFECTUATES PROGRAM GOALS OR AGENCY PRIORITIES." *See supra* §II.A.

**C. Defendants' Actions Warrant Modification**

Enforcement is warranted. At least one court has granted a strikingly similar motion to enforce and ordered these very Defendants "to determine the appropriate continued award amount for the grants at issue…as well as issue GANs reflecting those award determinations." *Bd. of Educ. of City Sch. Dist. of N.Y.C. v. Dep't of Educ.*, No. 1:25-cv-08547-AS, Dkt. #104 (S.D.N.Y. June 4, 2026).

Defendants challenge Plaintiffs' request to also modify the injunctions and enjoin Defendants from treating Protected Grantees less favorably than other grantees. *Washington* (2025), Dkt. #485 at 8-11; *Washington* (2026), Dkt. #143 at 8-10. But without this clear instruction, Defendants will continue to contrive new ways to end the Protected Grants, because Defendants do not believe they align with Defendants' new priorities or interpretation of federal civil rights law. Defendants are the ones who are trying to "move the target" by changing the status of the Protected Grants while appeals are pending. *Washington* (2026), Dkt. #143 at 8.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Defendants' unpredictable and hostile actions are the "new facts" justifying modification. *See id.* at 9. When Plaintiffs moved for the 2025 Permanent Injunction, they could never have anticipated that Defendants would act in such bad faith and with such hostility towards Defendants' own grantees. *See id.*, Dkt. #116 at 14. When Plaintiffs moved for the 2026 Preliminary Injunction, *see id.*, Dkt. #72, they could never have anticipated that three days later, Defendants would invent a wholly unprecedented, bizarre new procedure under which a federal agency tells its grantees to spend more funds than the amount the agency awarded. *Id.*, Dkt. #144-1.

Defendants characterize the modification as an equal protection remedy, *see, e.g.*, *id.*, Dkt. #143 at 10 n.6, but Plaintiffs simply seek to have the status quo restored from before Defendants tried to discontinue them. Defendants have no rational basis to continue treating Protected Grants less favorably than other Program grantees, and doing so violates GEPA's requirement that "[a]ll regulations shall be uniformly applied and enforced throughout the 50 States." 20 U.S.C. §1232(c).

## IV. CONCLUSION

The Court should grant Plaintiffs' Motion.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

DATED this 3rd day of November 2026.

I certify that this memorandum contains 2,099 words in compliance with Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Ellen Range*
JENNIFER K. CHUNG, WSBA #51583
ELLEN RANGE, WSBA #51334
DUFFY GRAHAM, WSBA #33103
Assistant Attorneys General
Complex Litigation Division
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Jennifer.Chung@atg.wa.gov
Ellen.Range@atg.wa.gov
Duffy.Graham@atg.wa.gov
William.McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Sarah H. Weiss*
SARAH H. WEISS*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Sarah.Weiss@coag.gov

*Attorney for State of Colorado*

WILLIAM TONG
Attorney General of Connecticut

*/s/ Andrew Ammirati*
ANDREW AMMIRATI*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov

*Attorney for State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Ian R. Liston*
IAN R. LISTON*
Director of Impact Litigation
VANESSA L. KASSAB*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Ian.Liston@delaware.gov
Vanessa.Kassab@delaware.gov

*Attorneys for the State of Delaware*

KWAME RAOUL
Attorney General of Illinois

*/s/ Emily Hirsch*
EMILY HIRSCH*
Assistant Attorney General
ALEEZA STRUBEL*
Complex Litigation Counsel
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0148
Aleeza.Strubel@ilag.gov
Emily.Hirsch@ilag.gov

*Attorneys for State of Illinois*

AARON M. FREY
Attorney General of Maine

*/s/ Sarah A. Forster*
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

*Attorney for the State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Michael Drezner*
MICHAEL DREZNER*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6959
Mdrezner@oag.state.md.us

*Attorney for State of Maryland*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Adelaide Pagano*
ADELAIDE PAGANO*
Assistant Attorney General
Office of the Massachusetts Attorney General
100 Cambridge Street
Boston, MA 02108
617-963-2122
Adelaide.Pagano@mass.gov

*Counsel for the Commonwealth of Massachusetts*

DANA NESSEL
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

*Attorney for the State of Michigan*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ Aletheia V.P. Allen*
ALETHEIA V.P. ALLEN*
Solicitor General
SETH C. MCMILLAN*
Deputy Solicitor General
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
AAllen@nmdoj.gov
SMcMillan@nmdoj.gov

*Attorneys for State of New Mexico*

LETITIA JAMES
Attorney General of New York

/s/ Rabia Muqaddam
RABIA MUQADDAM*
Chief Counsel for Federal Initiatives
MARK LADOV*
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-8240
Rabia.Muqaddam@ag.ny.gov
Mark.Ladov@ag.ny.gov

*Attorneys for the State of New York*

DAN RAYFIELD
Attorney General of Oregon

/s/ Leanne Hartmann
LEANNE HARTMANN*
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Leanne.Hartmann@doj.oregon.gov

*Attorney for State of Oregon*

PETER F. NERONHA
Attorney General of Rhode Island

/s/ Kyla Duffy
KYLA DUFFY*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
Kduffy@riag.ri.gov

*Attorney for State of Rhode Island*

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

*Attorney for State of Wisconsin*

**Admitted pro hac vice*