Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | CASE NO. 2:26-cv-02409-KKE<br><br>**SURREPLY PURSUANT TO LCR 7(g) OR IN THE ALTERNATIVE REQUEST FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>(Note on Motion Calendar for November 9, 2026) |

Defendants U.S. Department of Education and Linda S. McMahon, U.S. Secretary of Education (collectively, "the Department"), pursuant to LCR 7(g), move to strike new arguments and new evidence proffered by Plaintiff States with their reply brief. In the alternative, the Department requests leave to file a substantive surreply in response with supporting declarations.

## STATEMENT OF FACTS

On October 13, Plaintiff States filed their motion to enforce the preliminary injunction issued in this case. Dkt. #116. Thereafter, the Department filed its timely opposition to Plaintiff States' motion, addressing the arguments set forth in their motion. Dkt. #143.

On November 3, Plaintiff States filed their reply accompanied by two new declarations—a Supplemental Declaration of Jennifer Chung (Dkt. #147), and a Supplemental Declaration of



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Kathleen Beaudoin, Ph.D. (Dkt. #146). In her supplemental declaration, Ms. Chung for the first time describes a website she discovered, identified as "USAspending.gov," purports to authenticate three webpage captures from this website, attaching them as exhibits, and describes information that the website returned when she accessed a "download link." Dkt. #147 at ¶¶3-7. Plaintiff States argue in their reply that Ms. Chung's new testimony constitutes "newly available spending data" showing that Defendants have "violated the 2026 Preliminary Injunction." Dkt. #145 at 3:12-15. The Department has not had an opportunity to address this new evidence.

Dr. Beaudoin's supplemental declaration includes new testimony about a telephone conversation she initiated on October 28, 2026, with "a federal grant program officer" and relates the substance of that conversation. Dkt. #146, ¶10. Based on this new testimony, Plaintiff States, while reaffirming that the Department is continuing to fund the grants, represents that the Department is unwilling to "put this in writing." Dkt. #145 at 4:17-20. From this new evidence, Plaintiff States advance for the first time a new argument that the Department may not be able to reimburse grantees for expenses incurred in December before funding lapses. *Id.* at 4:21-5:12. The Department has also not had an opportunity to respond to this new evidence or address these new arguments.

## LEGAL STANDARD

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990). A district court need not consider arguments raised for the first time in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). And new evidence may be stricken if submitted for the first time in a reply. *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003), *aff'd*, 372 F.3d 1330 (Fed. Cir. 2004). In any event, the court "should not consider new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Thus, "striking or granting leave to respond . . . is clearly the appropriate course of action if the Court should find that either party has improperly presented new material." *Frame-Wilson v. Amazon.com, Inc.*, 2026 WL 764079, at *3 (W.D. Wash. Mar. 18, 2026); and see *McAndie v. Sequim Sch. Dist.*, 2023 WL 1468469, at *1



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

(W.D. Wash. Feb. 2, 2023) (permitting non-movant to submit a surreply with additional argument and evidence).

## ARGUMENT

### I. THE SUPPLEMENTAL CHUNG AND BEAUDOIN DECLARATIONS PROFFER NEW EVIDENCE USED TO SUPPORT NEW ARGUMENTS THAT SHOULD BE STRICKEN FROM THE REPLY

As the Plaintiff States admit, the evidence proffered in the Supplemental Declaration of Chung is new evidence. Dkt. #145 at 3:12-15 ("newly available spending data"); 3:19-20 ("additional proof"). Similarly, the Beaudoin Supplemental Declaration proffers new evidence of a telephone conversation she had with a Department employee to which the Department was not provided an opportunity to respond. Both support new arguments. In the case of the Chung Declaration, Plaintiff States argue that this "newly available" evidence "proves" that the Department has terminated the subject grants in violation of the preliminary injunction. *Id.* at 7:16-22. In the case of the Beaudoin Declaration, Plaintiffs newly argue that the funding for these grants will lapse before the Department reimburses the grantees for their December expenses because it will "not put this in writing." *Id.* at 4-5, 7-8.

Plaintiff States provide no explanation or justification for their belated proffer of new evidence and new arguments. Regardless, it was "improper" to introduce "new facts or different legal arguments" in their reply. *See Lujan,* 497 U.S. at 894–95.

Under the local rules of this Court the default remedy is to strike the new evidence and the arguments based on that evidence. *See, e.g., Murinko v. Strange*, 2019 WL 11769103, at *2 (W.D. Wash. Oct. 10, 2019). Thus, this motion should be granted, and the Court should strike the Supplemental Chung Declaration in its entirety as well as the new arguments in the Plaintiff States' reply based on that declaration: dkt. #145 at 3:12-15; 3:18-4:4; 7:16-22; 8:8-13. Additionally, the Court should strike paragraph 10 of the Supplemental Beaudoin Declaration (dkt. #488) in its entirety as well as the new arguments in the Plaintiff States' reply memorandum based on that new evidence; dkt. #145 at 3:6-11 (commencing with "and disclaim obligation . . ."); 4:17–5:12 (commencing with "One grantee asked a federal program officer . . ."); 8:4-7 (commencing with "The procedure's absurdity . . .")



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## II. ALTERNATIVELY, THE DEPARTMENT SHOULD BE AFFORDED LEAVE TO FILE A SUBSTANTIVE SURREPLY AND DECLARATIONS

Should the Court decide to consider Plaintiff States' new evidence and new arguments, the Department should be granted leave to file a substantive surreply and responsive declarations. *Provenz*, 102 F.3d at 1483; *Frame-Wilson*, 2026 WL 764079, at *3.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that its motion to strike be granted as requested. In the alternative, the Department requests that it be granted leave to file a substantive response to Plaintiff States' new arguments along with supporting declarations.

## CERTIFICATION

I certify that this memorandum contains 979 words, in compliance with LCR 7(g)(3).

DATED this 9th day of November 2026.

Respectfully submitted,

*<u>/s/ Brian C. Kipnis</u>*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

*Attorney for Defendants*